Bethlehem Township, Appellant *v.* Joseph Emrick, Peter J. Emrick and Elaine Emrick, Appellees.

328

Argued December 15, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Mark S. Sigmon, Sigmon & Ross, P.C.,* for appellant.

*Richard J. Haber,* with him *Donald B. Corriere, Haber and Corriere,* for appellees.

Opinion by Judge Williams, Jr., September 28, 1983:

This action to quiet title is before us on appeal by Bethlehem Township (appellant) from a decision of the Court of Common Pleas of Northampton County.[1] The court adjudged Joseph Emrick, Peter J. Emrick, and Elaine Emrick (appellees) the owners of a tract of land located in Bethlehem Township.

On August 8, 1914, Albert D. Oberly and Valetta M. Oberly, his wife, conveyed to the Easton and Western Railroad Company, its successors and assigns, the land which is the subject of this dispute. The deed from the Oberlys to the Railroad contained the following provision:

> ThAt [sic] in case the [grantee], its successors or assigns, should at any time hereafter cease to use, or abandon, the above described strips of land as a railroad, right of way, or for railroad, purposes [sic], and such non use [sic] or abandonment, shall continue, for one (1) Year after notice, in writing, from the [grantor], his heirs or assigns, that he or they desire to re enter [sic] on said land, and re-

---

[1] Jurisdiction over this appeal properly lies in the Superior Court, since these proceedings are not within the class of cases over which we have appellate court jurisdiction pursuant to Section 762 of the Judicial Code, 42 Pa. C. S. §762. However, the appellees have failed to object to our jurisdiction, and consequently, we have the discretion to decide this appeal on its merits. Section 704(a) of the Judicial Code, 42 Pa. C. S. §704(a); Pa. R.A.P. 741(a); *Muntan v. City of Monongahela,* 45 Pa. Commonwealth Ct. 23, 406 A.2d 811 (1979). In the interests of judicial economy, we will exercise that discretion, and hence refrain from transferring this case to the Superior Court on our own motion.

possess himself or themselves of the same, then and in such case, after the lapse of said one (1) Year after notice as aforesaid such non use [sic] or abandonment continuing, the [grantor], his heirs or assigns, may ren enter [sic] upon the above described land, and repossess himself or themselves, thereof, as of his or their first and former estate therein.

On May 7, 1959, Elizabeth Oberly Collins, Earl B. Collins, C. Catharine Oberly, and Violet M. Oberly, successors to Albert D. Oberly and his wife, conveyed to the Emricks a 109.817 acre parcel of land which included the strip of land conveyed to the Easton and Western Railroad Company in 1914. The deed conveying the property to the appellees provided that the conveyance was under and subject to the rights of the Easton and Western Railroad Company, as set forth in the deed from Albert D. Oberly and Valetta M. Oberly to the Railroad. In the meantime, in 1944, Easton and Western Railroad Company had merged with and became known as the Central Railroad Company of Pennsylvania (Central Railroad Company).

In February of 1976, the Central Railroad Company ceased using the strip and removed the railroad tracks, thereby abandoning the property. Also in February of 1976, the appellees entered upon and took possession of the parcel, plowing the strip and planting grain thereon. The appellees, prior to entering the land, did not give written notice to the Central Railroad Company, as successor to the Easton and Western Railroad Company, of their intent to do so.

On March 23, 1979, the Central Railroad Company conveyed to Bethlehem Township by quitclaim deed whatever interest it then had in the property. In that

same year the Township, without the Emricks' consent, took possession and control of the land by plowing the grain the appellees had planted on it and by constructing a bicycle path for use by the public across it.

Bethlehem Township commenced this action to quiet title to the land by filing a complaint against the Emricks on May 19, 1980. In its complaint, the Township sought a decree declaring Bethlehem Township the legal owner of the property and prohibiting appellees from interfering with its use. Following a hearing, the court below rendered an adjudication decreeing the Emricks owners of the tract in fee simple absolute and ordering the Township to remove the bicycle path. The appellant filed exceptions to the adjudication, which were dismissed by order dated October 31, 1981. It is an appeal from that order which is now before this Court.

Preliminary to a resolution of this controversy, we must determine the nature of the interest conveyed by the 1914 deed to the Easton and Western Railroad Company. More particularly, we must decide whether the estate created by that deed is a fee simple determinable or a fee simple subject to a condition subsequent.

A fee simple determinable is created when the estate of the grantee expires automatically and reverts to the grantor upon the occurrence of a specified event. The interest held by the grantor is termed a possibility of reverter. *Higbee Corp. v. Kennedy,* 286 Pa. Superior Ct. 101, 428 A.2d 592 (1981). Words of indubitable limitation, such as "so long as," "during," "while," and "until" are generally used to create a fee simple determinable. *Id.*

On the other hand, a fee simple subject to a condition subsequent exists when, upon the occurrence of

332

a stated condition, the grantee's estate does not expire automatically, but is subject to the grantor's power to terminate the grantee's estate. *Id.* In that case, the interest retained by the grantor is denominated a right of re-entry. *Stolarick v. Stolarick,* 241 Pa. Superior Ct. 498, 363 A.2d 793 (1976). Conditional language used in conjunction with a clause giving the grantor the right to re-enter and terminate the estate of the grantee upon the occurrence of the condition creates a fee simple subject to a condition subsequent. *Higbee.* The principal distinction between a fee simple subject to a condition subsequent and a fee simple determinable is that a right of re-entry requires some action on the part of the grantor to perfect his title, whereas a possibility of a reverter automatically gives title to the grantor. *Stolarick.*[2]

Here, the clause we must construe provides that: "in case" the grantee[3] abandons the property or ceases to use it "as a railroad, right of way, or for railroad, purposes," and such non-use or abandonment continues for one year after notice in writing from the grantor, the grantor may re-enter and repossess the land following the expiration of the one-year notice period. The term "in case" is clearly conditional, and is coupled with the reservation of the grantor's right to re-enter. Furthermore, the estate

---

[2] The grantor is characterized as retaining a possibility of reverter or a right of re-entry, because when he creates a fee simple determinable or a fee simple subject to a condition subsequent he does not dispose of his entire interest in the land. These interests held by the grantor are deemed vested at the time of their creation and are not subject to the rule against perpetuities. *Higbee Corp. v. Kennedy,* 286 Pa. Superior Ct. 101, 428 A.2d 592 (1981).

[3] For ease of reference, we use the terms "grantee" and "grantor," where applicable, to include grantees and grantors, and the heirs, successors, and assigns of each.

of the grantee does not terminate automatically upon the abandonment or non-use of the tract for the stated purposes. Instead, the grantor must provide one-year's notice in writing of his desire to re-enter, and the non-use or abandonment must continue for one year following such notice in order for the grantor to perfect his interest. Accordingly, the terminology used in this provision of the deed clearly creates a fee simple subject to a condition subsequent. The appellant, as successor to the grantee Easton and Western Railroad Company, holds the land subject to the condition subsequent specified in the deed, and the appellees, as successors to the grantors Albert D. Oberly and his wife, have the right of re-entry onto the property.

Next, we must determine whether the events giving rise to the grantor's power to terminate the grantee's estate and exercise the right of re-entry have occurred as provided by the deed. Specifically, we must resolve the question of whether the strip was abandoned or ceased to be used "as a railroad, *right of way,* or for railroad, purposes" within the meaning of the deed.

First, we note that the comma between "railroad" and "purposes" is patently a typographical error. The phrase was clearly intended by the parties to read "railroad purposes"; otherwise, this language would be meaningless. The court below concluded that the comma between "railroad" and "right of way" was also inserted unintentionally, thus construing the deed as giving the grantor the right to re-enter when the grantee abandons the property or ceases to use it "as a railroad right of way, or for railroad purposes." While the 1914 deed to the Easton and Western Railroad is replete with typo-

graphical errors, we cannot be absolutely certain that the insertion of this particular comma was inadvertent, because "railroad" and "right of way" each have meaning standing alone. We therefore decline, in deciding this issue, to make the assumption that this comma was a typographical error.

It is undisputed that the Central Railroad Company ceased using and abandoned the property, both "as a railroad" and "for railroad purposes." The appellant contends, however, that the term "right of way" as used in the deed has a broad meaning which is not limited to a right-of-way used as a railroad line, and that so long as the land is used as a right-of-way for any purpose whatsoever, the condition subsequent does not occur. Therefore, argues the appellant, since the use of the property as a bicycle path constitutes its use as a right-of-way, the right to re-enter has not arisen.

Our primary objective in construing the terms of a deed is to ascertain and effectuate the intentions of the parties. *Flaherty v. DeHaven,* 302 Pa. Superior Ct. 412, 448 A.2d 1108 (1982). In order to attain this goal, we must examine the language of the entire instrument and consider the subject matter, the apparent object or purpose of the parties, and the conditions existing when the deed was executed. *In the Matter of the Conveyance of Land Belonging to the City of Du Bois,* 461 Pa. 161, 335 A.2d 352 (1975).

By applying these rules of construction and interpretation to the instant deed, it is crystal clear that the parties intended the term "right of way" to be limited in meaning to a right-of-way used in connection with railroad operations. The language and terms of the entire deed refer specifically to the use of the property as a railroad line. The term "right

of way" in the particular clause in question is framed by the words "railroad" and "railroad purposes." The obvious purposes of the instrument were to both effectuate a conveyance of land for the construction of a railroad thereon and to define the rights and responsibilities of the parties with respect to the construction and maintenance of the railroad. For these reasons, we conclude that appellant's use of the property as a bicycle path did not foreclose the occurrence of the condition subsequent.

We must decide, however, whether the appellees exercised their right of re-entry in accordance with the terms and conditions of the deed. The appellees took their 109.817 acre parcel subject to the rights of the Easton and Western Railroad, its successors and assigns, as set forth in the 1914 deed from Albert D. Oberly and his wife to the Railroad. The appellees were thus bound by the provisions of that deed, which unequivocally provides that if the grantee abandons the property or ceases to use it for the stated purposes, and the grantor desires to repossess the land, the grantor must give one-year's *written* notice to the grantee of the intent to do so. Only *"then and in such case,"* may the grantor re-enter if such non-use or abandonment has continued for one year following such notice.

The court below concluded that the appellees gave the requisite written notice to the appellant on two occasions. Specifically, the court held that a letter from the appellees' attorney to the appellant's attorney dated September 5, 1979, and the appellees' New Matter and Counterclaim filed in this action on June 9, 1980, constituted such notice. In the alternative, the court held that the appellant had actual notice, in 1979, of the appellees' re-entry, and that such actual

notice was sufficient to fulfill the requirements of the deed.

We cannot agree with these conclusions reached by the trial court. The deed provision in question explicitly requires one year's written notice *prior* to re-entry onto the land. The Emricks, however, without giving such notice, re-entered the tract in 1976, immediately upon the Central Railroad Company's abandonment of the property. Although the appellees gave notice of their *possession* in 1979, subsequent to re-entering the land, *they did not give written notice of their desire to re-enter one year or at any other time prior to doing so.* Thus, under the terms of the deed, the appellees were in wrongful possession of the property from 1976 until 1979, when Bethlehem Township took possession and control thereof by building the bicycle path.

Conditions subsequent are abhorred by the law, and so too are forfeitures upon conditions subsequent. *Allegheny County Port Authority v. Flaherty,* 6 Pa. Commonwealth Ct. 135, 293 A.2d 152 (1972). We therefore conclude that the one-year's written notice requirement must be strictly construed, and that neither subsequent notice nor actual notice of the appellees' re-entry was adequate under the deed to result in appellant's forfeiture of the land. For these reasons, the appellees are not entitled, at this time, to possession of the property in fee simple absolute.

The order of the court below is reversed.

## ORDER

AND Now, the 28th day of September, 1983, the order of the Court of Common Pleas of Northampton County in the above-captioned matter at No. 1980-C-5124, dated October 30, 1981, is hereby reversed.