485 A.2d 736

**Joseph EMRICK, Peter J. Emrick, and Elaine Emrick, Appellants,**

**v.**

**BETHLEHEM TOWNSHIP, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1984.

Decided Dec. 18, 1984.

374

Richard J. Haber, Bethlehem, for appellants.

Mark S. Sigmon, Bethlehem, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

LARSEN, Justice.

In this appeal, the appellants Joseph Emrick, Peter J. Emrick and Elaine Emrick challenge an order of the Commonwealth Court which holds that appellants failed to properly exercise their right of re-entry for breach of a condition subsequent in claiming a reversion of a certain tract of land in Bethlehem Township, Pennsylvania. The court concluded that appellants did not comply with the notice provision of the deed creating the interest and therefore they were not entitled to fee simple absolute possession of the strip of property in question.[1]

On August 8, 1914, Albert D. Oberly and Valetta A. Oberly, his wife, conveyed the tract of land which is the subject matter of this lawsuit to the Easton and Western Railroad Company, its successors and assigns. The deed from the Oberlys to the Railroad Company contained the following reverter clause:

> ThAt [sic] in case the [grantee], its successors or assigns, should at any time hereafter cease to use, or abandon, the above described strips of land as a railroad, right of way, or for railroad, purposes [sic], and such non use [sic] or abandonment, shall continue, [sic] for one (1)

---

**1.** *Bethlehem Township v. Emrick,* 77 Pa.Cmwlth. 327, 465 A.2d 1085 (1983).

Year after notice, in writing, from the [grantor], his heirs or assigns, that he or they desire to re enter [sic] on said land, and repossess himself or themselves of the same, then and in such case, after the lapse of said one (1) Year after notice as aforesaid such non use [sic] or abandonment continuing, the [grantor], his heirs or assigns, may ren enter [sic] upon the above described land, and repossess himself or themselves, [sic] thereof, as of his or their first and former estate therein.

In 1944, the Easton and Western Railroad Company officially became known as The Central Railroad Company of Pennsylvania (Central Railroad).[2]

On May 7, 1959, Elizabeth Oberly Collins, Earl B. Collins, C. Catharine Oberly and Violet M. Oberly, Administratrix of the Estate of Richard L. Oberly, heirs to Albert D. Oberly and Valetta A. Oberly, his wife, conveyed to the appellants a tract of land in Bethlehem Township, Northampton County, Pennsylvania which included the land conveyed by Albert D. Oberly, et. ux. to The Easton and Western Railroad Company. The deed to the appellants contained a clause which provided that the conveyance was under and subject to the rights of the Easton and Western Railroad Company as set forth in the Albert D. Oberly, et. ux. to the Easton and Western Railroad Company deed of August 8, 1914.

In early 1976, Central Railroad removed its railroad tracks and ceased to use the subject strip of land as a railroad or for railroad purposes. Shortly after removal of the tracks and the abandonment of the parcel by Central Railroad, the appellants, without notice to the Railroad Company, took possession of the property, plowing the land and planting crops.

On March 23, 1979, Central Railroad remised, released and quitclaimed all of its right, title and interest in and to the subject strip of land to the appellee, Bethlehem Town-

2. The trial court found that "On February 29, 1944, The Easton and Western Railroad Company changed its name to The Central Railroad Company of Pennsylvania." (Finding of Fact No. 5 of the Common Pleas Court Adjudication).

ship. The appellee assumed control of the land in question and without permission from appellants, commenced to construct a "bikeway" over it. Because of appellants' claim arising out of the reverter clause in the deed of August 8, 1914, the appellee filed suit to quiet title.

The trial court found that in 1979, when the appellee obtained its deed from Central Railroad, Franklin S. Van Antwerpen, Esquire [3] was attorney for the appellee. In that capacity, he was authorized to negotiate with appellants concerning acquisition of their rights in the subject property. Attorney Van Antwerpen was fully aware that the appellants had taken physical possession of the subject strip of land and had been planting it as part of their farm.

During that time the appellants were represented by George Weitzman, Esquire in the negotiations with the appellee. On September 5, 1979 attorney Weitzman, on behalf of the appellants, composed and hand delivered a letter to Attorney Van Antwerpen. The Common Pleas Court found that this letter was written notice of appellants' desire to re-enter and repossess the subject premises. The trial court found further that the New Matter and Counterclaim filed by appellants in this action on June 9, 1980 also constituted written notice to appellee of appellants' desire to re-enter and repossess the land in question. In accordance with these findings the court concluded that the property had reverted to appellants who were now owners in fee simple absolute. The court ordered the appellee to remove the bikeway and restore the property to its previous state.

On appeal, the Commonwealth Court, in reversing the trial court, said:

We cannot agree with [the] conclusions reached by the trial court. The deed provision in question explicitly requires one year's written notice *prior* to re-entry onto the land. The Emricks, however, without giving such

3. Attorney Van Antwerpen was installed as a judge of the Court of Common Pleas of Northampton County in October, 1979 and since then has served as a member of the judiciary.

notice, re-entered the tract in 1976, immediately upon the Central Railroad Company's abandonment of the property. Although the [Emricks] gave notice of their *possession* in 1979, subsequent to re-entering the land, *They did not give written notice of their desire to re-enter one year or at any other time prior to doing so.* Thus, under the terms of the deed, the [Emricks] were in wrongful possession of the property from 1976 until 1979, when Bethlehem Township took possession and control thereof by building the bicycle path.[4]

The court went on to conclude that:

[T]he one year's written notice requirement must be strictly construed, and that neither subsequent notice nor actual notice of the [Emricks'] re-entry was adequate under the deed to result in [appellee's] forfeiture of the land.[5]

For the reasons that follow, we disagree with the conclusions of the Commonwealth Court, and therefore reverse.

A fee which is subject to revert to the grantor can be either a fee simple determinable or a fee simple subject to a condition subsequent. Although both of these types of fees are characterized by the possibility of reversion to the grantor, they are distinguished by the circumstances which will cause the fee to revert.

In a fee simple determinable, the estate automatically reverts upon the happening of a specified event. *Higbee Corporation v. Kenney,* 286 Pa.Super. 101, 428 A.2d 592 (1981) citing: *Brown v. Haight,* 435 Pa. 12, 255 A.2d 508 (1969); *Smith v. Glen Alden Coal Company,* 347 Pa. 290, 32 A.2d 227 (1943); *Stolarick v. Stolarick,* 241 Pa.Super. 498, 363 A.2d 793 (1976). *Restatement of Property* § 44 (1936). The interest held by the grantor in a fee simple determinable is identified as a *possibility of reverter.* *Higbee Corporation v. Kennedy,* 286 Pa.Super. at 107,

---

4. *Bethlehem Township v. Emrick,* 77 Pa.Cmwlth. at 336, 465 A.2d at 1089, 1090.

5. Id. 465 A.2d at 1090.

428 A.2d at 595. *Restatement of Property* § 44, comment (a) (1936).

> "Words of indubitable limitation, such as 'so long as', 'during', 'while' and 'until' are generally used to create the fee simple determinable."

*Higbee Corporation v. Kennedy,* 286 Pa.Superior Ct. at 107, 428 A.2d at 595, citing: *Henderson v. Hunter,* 59 Pa. 335 (1868); *Peters v. East Penn Township School District,* 182 Pa.Super. 116, 126 A.2d 802 (1956).

A fee simple subject to a condition subsequent is created where the deed provides that upon the happening of some specified event, the grantor has the right and power to terminate the estate. *Stolarick v. Stolarick,* 241 Pa.Super. at 506, 363 A.2d at 797 (1976). The interest held by the grantor in such cases has been termed a *right of re-entry. Id.* This interest has also been called a *power of termination. Restatement of Property,* § 24 (1936). The obvious difference between a fee simple determinable and a fee simple subject to a condition subsequent is that in the former the estate reverts automatically, while in the latter the reversion requires some action on the part of the grantor. *Higbee Corporation v. Kennedy, supra; Stolarick v. Stolarick, supra; Restatement of Property,* §§ 44 § 45 (1936).

Turning to the case at hand, the clause in the deed calling for a reverter under circumstances of nonuse or abandonment of the land as a railroad or for railroad purposes clearly created a fee simple subject to a condition subsequent. This left a right of re-entry in the grantors and their successors.[6] The reverter provision specifically provided that the right of re-entry accrued when nonuse or abandonment of the property as a railroad or for railroad purposes continued for one year after written notice by the grantors or successors of an intent to re-enter the premises. In such case, the former estate would be restored to the grantors or their successors.

---

6. We have long held that a right of re-entry may be transferred and conveyed. *McKissick v. Pickle,* 16 Pa. 140 (1851).

■ There is no dispute that the land in question was abandoned and ceased to be used as a railroad or for railroad purposes in 1976. On September 5, 1979 written notice of appellants' desire to re-enter the premises was given to appellee. Similar notice in writing was given to appellee in the form of appellants' Answer, New Matter and Counterclaim filed in this lawsuit on June 9, 1980.[7] The nonuse and abandonment of the property as a railroad or for railroad purposes continued for more than one year after each notice was given and until this day. Accordingly, we find the appellants have re-entered the subject premises, repossessed themselves of the land, and have a fee simple absolute interest in it.

■ The appellee asserts that neither of the writings which the lower court found to be sufficient notice of appellants' desire to re-enter was given *prior* to re-entry as is required by the reverter clause. The appellee argues, and the Commonwealth Court held, that because the appellants failed to give written notice and then wait one year before taking possession and plowing and planting the land, they are not entitled to claim that title has reverted.

The difficulty with appellee's position is that appellee equates "the right of re-entry" with actual physical entry onto the premises. Appellant's right of re-entry must be viewed for what it is, namely, the power to terminate the appellee's estate and restore to appellants the former estate. This power does not depend upon a physical entry onto the property. When the land was abandoned for railroad purposes, and written notice of appellants' desire to re-enter was given three years later, the appellants took the action necessary to cause a reversion. When the nonuse

7. There were two other writings received by appellee or appellee's attorney which provide additional written notice of appellants' intent to retake the subject premises. First, a letter dated December 7, 1979 from appellants' attorney to Jackson M. Sigmon, Esquire, who assumed representation of the appellee when Judge Van Antwerpen became a member of the judiciary. Second, a letter dated October 29, 1980 directed to the Bethlehem Township Board of Commissioners which set forth the appellants' claim in the language of the deed. Both of these letters are part of the record in this case.

and abandonment of the property for railroad purposes continued for a year thereafter, the appellants' right of re-entry or power to terminate was accomplished and the previous estate restored. Of course physical entry and physical possession can be additional evidence of an intent to exercise the power, such as appellants' physical possession here. Nonetheless, in this case the power could be exercised by a writing with or without previous, simultaneous or subsequent physical possession. *See:* Restatement of Property § 24 (1936) [8]

The appellants gave written notice of their desire to re-enter the premises by letter dated and delivered September 5, 1979.[9] This notice of appellants' desire to re-enter was not notice that they intended to physically enter onto the property. The appellants had been planting the land for three years. The notice was of appellants' desire

8.  b. *Power of termination.* Whenever an estate subject to a condition subsequent is created, some person has the power to terminate this estate upon the occurrence of the stipulated event. Thus such an estate does not end automatically and by expiration as does an estate subject to a special limitation. On the contrary, it is cut short, or divested, if, but only if, the person having the power chooses to exercise it. This option to terminate an estate upon breach of a condition subsequent is referred to in this Restatement as a "power of termination."

Special Note: The interest herein described as a "power of termination" frequently is referred to as a "right of entry." This latter term is not used in this Restatement for two reasons. In the first place, the interest of the person in whose favor the condition exists is not a "right" as that word is defined in § 1 [of this Restatement]. It is a "power" as that word is defined in § 3 [of this Restatement]. In the second place, under modern law, *an entry is normally not necessary in order to terminate the interest subject to the condition.* Even if the instrument creating the condition expressly reserves to the conveyor a "power to enter and to terminate" the estate created, *no entry is essential.* The interest subject to such a power is terminated by any appropriate manifestation, upon the part of the person in whose favor the condition exists, of his intent thereby to terminate the interest in question [emphasis supplied].

Restatement of Property § 24 comment (b) (1936).

9.  "By letter from Attorney George Weitzman, attorney for [appellants], to Franklin S. Van Antwerpen, dated September 5, 1979, written notice of [appellants'] desire to reenter and repossess the subject premises was given." (Finding of Fact No. 13 of the Common Pleas Court Adjudication).

to terminate appellee's estate in the premises. In order for the appellee to prevent a reversion of the fee to appellants, use of the property as a railroad or for railroad purposes must have been resumed within a year from the time of that notice. Without question resumption of the stated railroad uses within one year after notice to the appellee did not occur. Appellants' physical possession and use of the premises for three years prior to giving written notice to appellee, even though it may have been wrongful, in no manner diminishes their rights in and to reversion of the fee.[10]

The order of the Commonwealth Court is reversed.

ZAPPALA, J., concurred in the result.

NIX, C.J., filed a dissenting opinion in which McDERMOTT and PAPADAKOS, JJ., joined.

NIX, Chief Justice, dissenting.

Although the opinion announcing the judgment of the Court is correct in its general statement of the law relating to a "power of termination," I am troubled by its use of events which transpired during the pendency of this lawsuit to make a finding that the power had been properly exercised. Here the appellee, who initiated this action to quiet title in an effort to seek a judicial determination of the respective interests resulting from the reverter clause in the 1914 deed and the events that had occurred up to the time of the filing of the suit, is belatedly told that its

10. The appellants also argued that their actual physical possession and use of the subject property as part of their farm since 1976 and appellee's knowledge of appellants' possession and use was notice sufficient to satisfy the requirement of notice set forth in the reverter clause. Since the trial court found that written notice was given, and we find that the lower court finding was supported by adequate evidence, it is unnecessary to consider and decide the question of whether appellee's knowledge (actual notice) of appellants' physical possession and use of the premises satisfied the notice requirement.

interest was validly terminated because of its inaction during the pendency of the action.*

The jurisprudentially sound approach would have been to advise the parties that appellants' re-entry without notice and their failure to allow a period of one year of continued nonuse of the property for the specified purpose did not constitute a valid exercise of the power of termination. I do not quarrel either with the conclusion that the wrongful re-entry did not extinguish the "power to terminate" or that the letter of September 5, 1979 satisfied the written notice required by the reverter clause under the August 8, 1914 deed. However, since this lawsuit was instituted on May 19, 1980, a year of nonuse or abandonment had not followed that notice. Clearly, the township is entitled to some period of time to elect to use the land for "railroad purposes."

McDERMOTT and PAPADAKOS, JJ., join in this opinion.

</div>

---

* This situation is exacerbated by the majority's conclusion that "... notice in writing was given to appellee in the form of appellant's Answer, New Matter and Counterclaim filed in this lawsuit ...." At 740.