Brog Pharmacy et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 13, 1984, before Judges Mac-Phail, Colins and Senior Judge Blatt, sitting as a panel of three.

*Robert G. Bauer*, with him, *Jane Combrinck-Graham* and *William Hildenbrand, Abraham, Pressman & Bauer, P.C.*, for petitioners.

*Gwendolyn T. Mosley*, Deputy Attorney General, with her, *Allen C. Warshaw*, Chief, Litigation Section, and *LeRoy S. Zimmerman*, Attorney General, for respondent.

Opinion by Judge Blatt, January 25, 1985:

The petitioners are pharmacies providing prescription services to Medical Assistance Program recipients pursuant to agreements with the Department of Public Welfare (Department). They appeal here an

order of the Secretary of the Department which dismissed as untimely a number of reimbursement appeals and remanded the remaining appeals to the Hearing Examiner for recalculation of those payments from which deductions had been improperly taken by the Department during the fiscal years 1976 through 1980.

At the times relevant here, the petitioners were engaged to provide prescription services to Medical Assistance recipients pursuant to agreements with the Department. Regulations in the Department's Medical Assistance Manual (MA Manual)[1] provided that participating pharmacies were to be reimbursed for each such prescription by an amount equal to the cost of the drugs dispensed plus a dispensing fee. In July 1976 the Department promulgated, as Section 9413.61 of the MA Manual, a regulation which provided that, in calculating prescription reimbursements, pharmacies grossing over $25,000 per year in reimbursements would be subject to a two percent (2%) deduction of the drug costs, based upon their Average Wholesale Price (AWP)[2] and that pharmacies grossing over $50,000 in such reimbursements would be subject to a four percent (4%) deduction.[3] The deduction scheme was purportedly intended to take advantage of the discounts provided by wholesalers to pharmacies purchasing drugs in quantity.

---

[1] The Medical Assistance Manual was not published or codified as part of the Pennsylvania Code at the time the regulations concerned were promulgated, but is now included as part of Title 55 of the Pennsylvania Code.

[2] The AWP for particular drugs is compiled by and published in The Drug Topics Red Book, a reference publication widely used in the pharmacy trade.

[3] The deduction provisions were rescinded, effective 1980, and the current regulations regarding prescription reimbursements to pharmacies are found in 55 Pa. Code §§1121.51-1121.56.

The petitioners challenged the validity of the regulation and requested a hearing by the Department's Office of Hearings and Appeals. This office, however, determined that it lacked jurisdiction. The petitioners then filed a complaint in equity and a petition for relief in our Court. Thereafter, in *Brog v. Department of Public Welfare,* 43 Pa. Commonwealth Ct. 27, 401 A.2d 613 (1979) *(Brog I),* we dismissed the complaint while sustaining preliminary objections. We held that an available administrative remedy[4] existed in the provisions of Section 9413.9 of the MA Manual, which granted providers an appeals process[5] for bills which had been rejected for payment by the Department. The petitioners thereafter appealed to the Department, a Hearing Examiner held hearings and it was recommended that, while all appeals from such reimbursements filed within forty-six (46) days of the invoice dates of the reimbursement checks would be deemed timely,[6] all other appeals should be deemed untimely, and that all of the timely appeals should be denied for substantive reasons.

---

[4] In *Brog I* we noted sua sponte that no specific administrative remedy was provided by statute to challenge the validity of a regulation, but that Section 9413.9 of the MA manual gave providers an administrative appeals procedure culminating in judicial review to challenge the Department's partial or total rejection of bills submitted for payment. We concluded, therefore, that Section 9413.9 was the means by which the petitioners could obtain judicial review regarding their challenge.

[5] The current provisions regarding provider appeals are set forth in 55 Pa. Code §1101.84.

[6] The hearings revealed that the Department's delays in mailing the already dated checks and in processing receipt of the individual appeals accounted for sixteen of the thirty day appeal period provided by Section 9413.9 of the MA Manual. His recommendation "tacked" the sixteen days to the appeal period which was, for reasons not clear to us, measured from the invoice date of the reimbursement checks.

Following a further appeal to the Secretary of the Department of Public Welfare, a final order was issued accepting the Hearing Examiner's recommendations as to which appeals should be deemed timely or untimely, but rejecting the recommendation to deny the timely filed appeals. The Secretary remanded the matter to the Hearing Examiner with instructions to calculate the amount of the deductions which should be paid back to the petitioners who had taken timely appeals from the prescription reimbursements. The Secretary directed the Hearing Examiner to determine the difference between what the petitioners had received as reimbursements for the drugs' costs, and the amount that should have been paid for such drugs, based upon the Department's current method of determining estimated drug acquisition costs, as set forth at 55 Pa. Code §1121.56. The instant appeal ensued.

Our scope of review is limited here to a determination of whether or not the Department's adjudication was in accordance with the law, whether or not any constitutional rights were violated, and whether or not the findings of fact are supported by substantial evidence in the record. *Montgomery County Geriatric & Rehabilitation Center v. Department of Public Welfare,* 75 Pa. Commonwealth Ct. 248, 462 A.2d 325 (1983).

The petitioners contend that the Department's conduct estops it from claiming that some of the appeals were untimely. They assert that, prior to our *Brog 1* decision, the Department had refused to entertain any challenges to the validity of the deduction scheme on the basis that Section 9413.9 of the MA Manual (subsequently 55 Pa. Code §1101.84), which relates to appeals by providers, denied the Department's Office of Hearings and Appeals jurisdiction in such an appeal. The

petitioners essentially argue that they should not be prejudiced for relying on the Department's initial representations and for their failure as a result thereof to undertake an apparently futile administrative course of action within the Department.

Equitable estoppel, of course, may arise where a party intentionally or negligently misrepresents a material fact which it knows, or should know, that another party will justifiably rely upon, and the other party is induced to do so, to its detriment. *Central Dauphin School District v. Department of Education,* 63 Pa. Commonwealth Ct. 48, 437 A.2d 527 (1981). And it is well settled that equitable estoppel may be applied against a Commonwealth agency. *Id.*

The record here reveals that, while Department officials made the material misrepresentations complained of by the petitioners, the petitioners have not averred that the facts were intentionally or negligently misrepresented. The doctrine of equitable estoppel, however, is one of fundamental fairness. *Id.* And, we believe that fairness here supports the application of the principles of estoppel against the Department. It made the misrepresentations and controlled the administrative appeals procedures.[7] The petitioners, we believe, acted in reasonable reliance thereon. And, inasmuch as the Department denied the applicability of Section 9413.9 of the MA

---

[7] The Department has intermittently taken conflicting positions in this regard. The Department initially deemed Section 9413.9 of the MA Manual to be inapplicable for purposes of the petitioners' challenge, while the contrary was asserted in the *Brog I* briefs in support of its preliminary objections. Subsequent to the petitioners' commencement of an administrative appeal pursuant to our decision in *Brog I*, however, the Department moved to have the Examiner dismiss the proceedings on the basis that the administrative procedure was inapplicable to the petitioners' challenge.

Manual to the petitioners' appeals until the proceedings in *Brog I*, in which an order was filed on May 29, 1979, we will use that date as a demarcation line for purposes of determining the timeliness of the reimbursement appeals. We will, therefore, order that all reimbursement appeals filed before that date shall be deemed timely. We will further order that the timeliness of the remaining reimbursement appeals involved here will be determined in accordance with the standards adopted by the Secretary—*i.e.* appeals will be deemed timely if filed within forty-six days of the invoice date on the reimbursement check.

The petitioners also contend that the Secretary's proposed remedy is improper and raise various arguments to support their assertion that they are entitled to the return of all monies deducted from the AWP in the calculation of their reimbursements for drug costs. The Secretary's proposed remedy would provide them with reimbursements based upon the difference between the amounts paid to compensate them for drug costs under the deduction scheme and the drug costs to which they would have then been entitled, had the reimbursements been calculated pursuant to 55 Pa. Code §1121.56. Since the submission of this matter here, however, that Code section has been revised to provide that drug acquisition costs are to be based upon the current Drug Topics Red Book Average Wholesale Price, or AWP. Use of the AWP as the means to determine the amounts which should have been paid petitioners for drug costs will, in effect, yield the return of the full amounts withheld under the discount scheme. We believe, therefore, that the relief sought here by the petitioners is now provided by the Secretary's remedy, and we will, therefore, affirm the Secretary's order in that regard.

188

ORDER

AND Now, this 25th day of January, 1985, the order of the Secretary of Public Welfare in the above-captioned matter is reversed insofar as it regards the timeliness of the reimbursement appeals herein concerned. The order is affirmed, however, with respect to the manner by which the reimbursements are to be recalculated. The matter is remanded to the Secretary for the determination of such amounts in accordance with this opinion.