517 A.2d 225

Derry Township School District, Appellant *v.* Suburban Roofing Co., Inc., Appellee.

Argued September 8, 1986, before Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Clyde W. McIntyre, McNees, Wallace & Nurick,* for appellant.

*Francis X. Clark, Ronald H. Silverman, P.C.,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, November 7, 1986:

In this construction contract dispute, Derry Township School District (District) appeals here from the entry of a judgment upon a jury verdict entered in Dauphin County Common Pleas Court in favor of Suburban Roofing Co., Inc., (Contractor) in the amount of $38,757.86. We affirm.

The following facts are pertinent. On March 9, 1981, the District awarded a contract to the Contractor for replacing the roof on the District's high school. The work was divided into three phases. Phase I involved work peformed by the Contractor in June and July of 1981 before work was halted at the direction of the District's engineer. Phase II involved the balance of the roof replacement work which was completed in the autumn of 1982. After an arbitration award was entered on June 3, 1983 regarding a dispute which had arisen in connection with Phase I, the Contractor performed other work on the roof which was referred to as Phase III. Following the completion of the contract, a dispute arose between the District and the Contractor regarding payment for additional work the Contractor performed for which the District refused payment. The Contractor filed suit in common pleas court to recover payment for the nine disputed items and obtained a jury verdict in its favor in the amount of $38,757.86, after addition of interest. Following the denial of its post-trial motions, the District appealed to this Court.

In this appeal the District is contesting the jury awards for two items, the plank in storage and the tapered filled gussets. The District's contentions are: (1) the common pleas court erred in denying its motion for

judgment n.o.v. with respect to the claims for the tapered filled gussets and the plank in storage; (2) the doctrines of promissory estoppel and equitable estoppel do not apply to non-approved extra work under a written contract which requires all such claims to be in writing; and (3) the closing argument by the Contractor's counsel was so prejudicial as to require the grant of a new trial or judgment n.o.v. We shall discuss these issues in the order stated.

Prior to reaching the merits of the District's appeal, we must initially determine whether it is properly before the Commonwealth Court. Section 762(a)(4) of the Judicial Code, 42 Pa. C. S. §762(a)(4), pertains to the jurisdiction of this Court over matters involving local governments. 42 Pa. C. S. §762(a)(4) states in relevant part:

(a) *General rule.*-Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

\* \* \*. \* \* \* \* \*

(4) Local government civil and criminal matters.

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity;

(B) home rule charter or local ordinance or resolution; or

(C) statute relating to elections, campaign financing or other election procedures. . . .

The case presently before this Court involves an amount allegedly due for work performed under a contract with a school district. Such appeals are properly brought in the Superior Court under Section 742 of the Judicial Code, 42 Pa. C. S. §742, or could be properly transferred there by this Court. *See* Section 705 of the Judicial Code, 42 Pa. C. S. §705; *Eldred Township v. Monroe County,* 330 Pa. Superior Ct. 74, 478 A.2d 1357 (1984). Since neither party to this appeal has objected to this Court's jurisdiction, this Court has the power to either transfer the appeal to the Superior Court pursuant to 42 Pa. C. S. §705 or to decide the case on the merits. *See Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981); *Cohen v. Temple University of Commonwealth System of Higher Education,* 299 Pa. Superior 124, 445 A.2d 179 (1982). In the interests of judicial economy, we shall exercise our discretion and decide this appeal on the merits. *See e.g. Bethlehem Township v. Emrick,* 77 Pa. Commonwealth Ct. 327, 465 A.2d 1085 (1983), *rev'd on other grounds,* 506 Pa. 372, 485 A.2d 736 (1984).

Turning to the merits, the District's initial contention is the common pleas court erred in refusing to grant its motion for judgment n.o.v. On appeal from the refusal of the common pleas court to enter judgment for the District *non obstante veredicto,* the sole duty of the appellate court is to decide whether there was sufficient competent evidence to sustain the verdict, granting the verdict winner, the Contractor here, the benefit of every favorable inference reasonably to be drawn from the evidence. *Mike v. Borough of Aliquippa,* 279 Pa. Superior Ct. 382, 421 A.2d 251 (1980). All unfavorable

testimony and inferences must be rejected. *McDevitt v. Terminal Warehouse Company*, 304 Pa. Superior Ct. 438, 450 A.2d 991 (1982). In compliance with such standards, the following facts, as warranted by the evidence and established by the verdict, appear.

The Contractor was to replace any concrete planks underneath the old roof membrane which were determined by the District's engineer or inspector to be structurally deficient with the Contractor being paid a unit price for each plank replaced. On the first two days of Phase II of the project, the District's inspector ordered nearly four hundred planks replaced. In anticipation of a similar rate of replacement, the Contractor ordered sufficient replacement planks from a supplier of these custom-made items to complete the work. After the Contractor had ordered the supply of replacement planks, the District replaced the inspector and the new inspector decided the "sunken" planks would not be replaced but would be made level by smoothing them over with a cementitious fill material. This oral change also required the installation of the tapered filled gussets. The end result of these changes was that considerably fewer planks, a total of approximately one hundred ninety-seven for the entire Phase II of the project, were replaced and the Contractor was left at the end of the job with an excess supply of custom-made planks useful only to the District on its high school. After the Contractor unsuccessfully offered the planks for sale to the District as a stock of spare materials, the out-of-pocket costs for the unused planks were included as claims by the Contractor to recover final payment for work performed.

Thus viewed, the evidence supports the Contractor's legal theory of promissory or equitable estoppel. Equitable estoppel is a doctrine that prevents one from doing an act differently from the manner in which an-

other was induced by word or deed to expect. *Novelty Knitting Mills, Inc. v. Siskind,* 500 Pa. 432, 457 A.2d 502 (1983). The doctrine of equitable estoppel is one of fundamental fairness. *Brog Pharmacy v. Department of Public Welfare,* 87 Pa. Commonwealth Ct. 181, 487 A.2d 49 (1985). The essential elements of estoppel are an inducement to a party to believe that certain facts exist and an act in reliance upon that belief. *Chrysler Credit Corp. v. First National Bank and Trust Co. of Washington,* 746 F.2d 200 (3d Cir. 1984); *Governor's Energy Council v. American Energy Services, Inc.,* 90 Pa. Commonwealth Ct. 168, 494 A.2d 72 (1985). Here, the Contractor was required to replace planks directed by the District's engineer or inspector and was required to obtain sufficient plank to comply with the inspector's directions. On the first two days of Phase II, the District's inspector ordered nearly four hundred planks replaced which nearly exhausted the Contractor's reserve supply of replacement planks. Acting upon the conduct of the District's inspector, the Contractor procured a supply of replacement plank ample to complete the contract as envisioned by the District inspector's method of plank replacement. The District then changed inspectors and plank replacement criteria, requiring the replacement of far fewer planks and resulting in the Contractor being left with an excess supply of replacement plank which were procured by the inducement of the District's initial inspector and his criteria of plank replacement. Additionally, the tapered filled gussets were required by the District's inspector and the change was agreed to in the presence of the District's representative and at the behest of the District. Upon the evidence thus viewed, there is sufficient evidence to support the jury's verdict that the Contractor procured the replacement planks and performed the work on the tapered filled gussets in reliance upon the

District's actions. The common pleas court did not err in denying the District's motion for judgment n.o.v. with respect to the replacement plank and the tapered filled gussets.

The District's next contention is that the doctrines of promissory and equitable estoppel are not applicable to public contracts or governmental agencies for non-approved work under public contracts requiring all changes to be in writing. This is clearly not the case here. The District misrepresents the Contractor's claim which is not for compenstion for extra work performed under changes to the contract, rather, the Contractor is asserting a claim for its reasonable costs incurred in reliance upon the District's interpretation of the Contractor's performance under the terms of the contract, which interpretation the District later altered to the Contractor's detriment. This is a proper case for equitable estoppel. In *Department of Environmental Resources v. Dixon Contracting Co., Inc.,* 80 Pa. Commonwealth Ct. 438, 471 A.2d 934 (1984), we held that equitable estoppel can be applied to a governmental agency to preclude that agency from depriving a person of a reasonable expectation when such agency knew or should have known that such person would rely upon the representation of the agency. *Id.* at 443, 471 A.2d at 936-937; *see also, De Frank v. County of Greene,* 50 Pa. Commonwealth Ct. 30, 412 A.2d 663 (1980).

We also distinguish this case from the circumstances in *Nether Providence Township School Authority v. Thomas M. Durkin & Sons, Inc.,* 505 Pa. 42, 476 A.2d 904 (1984), upon which the District heavily relies. In *Nether Providence,* our Supreme Court held that public bodies cannot waive written authorization requirements in public contracts even if the waivers are in writing. There, the contractor sought to be compensated for extra work performed under a change order not approved

by the school board as required under the terms of the contract. The Contractor here is not claiming increased costs due to extra work incurred by the District's oral changes to the contract, rather the Contractor is claiming compensation for costs which it reasonably incurred in reliance upon the District's interpretation of its performance under the contract. Thus, the District, having induced the Contractor to procure supplies by embarking upon one scheme of plank replacement cannot now disavow liability for the cost of such supplies when it unilaterally changes its interpretation of contract performance so as to reduce plank replacement. The District's argument in which it claims an exemption from the application of promissory or equitable estoppel must, therefore, be rejected.

We shall now address the District's final contention which is that the Contractor's counsel's final argument to the jury was so prejudicial that it requires the grant of a new trial or judgment n.o.v. It is the District's argument that counsel's closing argument to the jury was essentially expert testimony in that counsel presented himself to the jury as a former contractor who knew more about the issues than did the District's expert. Such conduct, the District asserts, was unduly prejudicial and entitles it to a new trial.

There is no question that our courts have opined that counsel's conduct at a trial should be directed towards a presentation of the issues. While the courts have allowed great latitude in closing arguments, counsel is not permitted to present facts to the jury that are not in evidence and which are prejudicial to the opposing party, nor is counsel to comment upon the evidence so as to remove an issue of credibility from the province of the jury. *See Trimble v. Merloe,* 413 Pa. 408, 197 A.2d 457 (1964); *Narciso v. Mauch Chunk Township,* 369 Pa. 549, 87 A.2d 233 (1952); *Stassun v. Chapin,* 324

Pa. 125, 188 A. 111 (1936); *Henry v. Huff,* 143 Pa. 548, 22 A. 1046 (1891). Our review of plaintiff's counsel's closing argument convinces us that while he stretched the allowable bounds of acceptable behavior, counsel's arguments did not so violate acceptable norms of conduct to the extent that the District's position was unduly prejudiced requiring a new trial.

While plaintiff's counsel did tell the jury he had once been a contractor, the comment was duly objected to by defense counsel and nothing further was said. For the remainder of his closing argument, counsel summarized the evidence as best one can summarize four days of testimony plus exhibits, emphasizing the evidence in his client's favor. In this effort, as noted, we discern no prejudice to the District from counsel's closing remarks other than such as is normally associated with the pleas of an advocate. Thus we conclude that the common pleas court did not err in denying the District's motion for a new trial or judgment n.o.v. based upon the closing argument of the Contractor's counsel.

Having found the common pleas court committed no abuses of discretion nor errors of law, we shall affirm its order denying the District's motion for new trial or judgment n.o.v.

ORDER

NOW, November 7, 1986, the Order of the Court of Common Pleas of Dauphin County at Docket No. 210-S-1983, that denied the post-trial motions of the Derry Township School District and granted in part the motion of Suburban Roofing Co., Inc., to mold the verdict for a total verdict of $38,757.86, is hereby affirmed.