**In re ESTATE OF Hildreth
M. KINERT, Deceased,**

v.

**PENNSYLVANIA DEPARTMENT
OF REVENUE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1996.

Decided April 14, 1997.

Reargument Denied May 30, 1997.

Michael J. Semes, Chief Counsel, Harrisburg, for appellant.

Clarence B. Turns, Jr., Harrisburg, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

The Commonwealth of Pennsylvania, Department of Revenue (Department) appeals from an order of the Court of Common Pleas of Dauphin County, Orphans' Court Division (Orphan's Court) which confirmed nisi the first and final account of Rev. James E. Morris, Executor of the Estate of Hildreth M. Kinert (Mrs. Kinert), deceased.

Mrs. Kinert died on July 22, 1990, leaving a last will and testament. The Estate filed its first and final accounting in January, 1995. The Department objected and questioned a clause in Mrs. Kinert's will concerning the disposition of her home.

James B. Quade (Quade) and James R. Lawley (Lawley), Kinert's foster sons, resided with Mrs. Kinert at 308 N. Progress Ave. in Harrisburg at the time of her death and continue to reside there. Mrs. Kinert's will reads:

> ITEM II: I give, devise and bequeath to my two foster sons, James B. Quade and James R. Lawley, of 308 North Progress Avenue, Harrisburg, Pennsylvania, the right to continue to reside in my residence known as 308 North Progress Avenue, Harrisburg, Pennsylvania, and the right to use all furniture and household articles for the remainder of their natural lives or life or until both of them would have vacated the premises for a period of sixty (60) days whichever should first occur provided and upon the condition that James B. Quade and James R. Lawley pay the property taxes, fire insurance and keep the real estate and personal property in the same general state of repair as existed at the time of my death, and in the event they would fail to do so then this terminable life estate would terminate and the real estate and personal property would be liquidated as hereinafter provided ...
>
> B. Upon the vacating of said premises for a period of sixty (60) days or upon the death of the survivor of the said James B. Quade or James R. Lawley, then said real estate and personal property shall be liquidated, and the net proceeds I give, devise and bequeath to the First Assembly of God Church of Harrisburg of 4100 North Progress Avenue, Harrisburg, Pennsylvania. . . .

In their briefs, both the Department and the Estate classify the interest transferred to Mrs. Kinert's foster sons as a "bequest". A bequest is defined as "[a] gift (transfer) by will of personal property; a legacy. It therefore is distinguishable from a 'devise,' which is properly used of realty." Blacks Law Dictionary 160 (6th ed. 1990). Webster's Third New International Dictionary defines a "bequeath" as "to give or leave by will: give by formal declaration so that the thing given passes into the ownership of the recipient after the death of the donor." Webster's Third New International Dictionary 205 (unabridged 1986). Further, "devise" is defined as "[t]he act of giving or disposing of property by will—now used technically only of real property but formerly used as well of the bequest of personal estate." Webster's Third New International Dictionary (unabridged 1986). The issue, therefore, is whether Mrs. Kinert intended to devise a life estate or to bequeath a license to her foster sons.

After Mrs. Kinert's death Quade and Lawley paid the property taxes and fire insurance premiums for the residence and kept the property in repair as required. The First Assembly of God Church of Harrisburg has neither utilized the property for any purpose nor expended funds in connection with the property.

■■■ Hearings were held and, in an opinion and order dated April 2, 1996, the Or-

phan's Court determined that the interest of the foster children amounted to a mere license to occupy the premises and not a legal life estate as asserted by the Department. The Department appeals. The scope of review of a decree entered by the Orphans' Court, is limited to determining whether the record is free from legal error and the court's factual findings are supported by the evidence. *In re Estate of Braun*, 437 Pa. Superior Ct. 372, 376, 650 A.2d 73, 75 (1994).[1]

In addition to challenging the Orphan's Court determination that the interest transferred is a license, we are secondarily requested to determine if the interest granted to the foster sons has an ascertainable value for Pennsylvania Inheritance Tax purposes.

█ The Department argues that the will defines the interest given to the foster sons as a "terminable life estate", and imposes requirements on the foster sons that are the same as those imposed by law on life tenants. The Estate contends that Mrs. Kinert simply intended to provide her foster sons with a license to occupy the residence. Further, the Estate argues that the limitations specified in the will define and establish a license to occupy the residence, no more.

The Orphan's court determined that Quade and Lawley were granted a license to use the premises, stating "the mere right to use and occupy real estate when coupled with the provision that such real estate shall be sold if the person having such right ceases to occupy the real estate confers a mere license to occupy upon such person and not an estate." Orphan's court opinion at 3. (citing *Davis' Estate*, 22 Pa. D & C 2d 755 (Montg.Co. 1960); *Baldesberger v. Baldesberger*, 378 Pa. 113, 105 A.2d 713 (1954)). We disagree.

█ It is hornbook law that the intention of the testator is the pole star in the construction of a will and that this intention

must be ascertained from the entire language of the will. Close scrutiny reveals that Mrs. Kinert described the interest as a "terminable life estate". A "life estate" is defined as "[a]n estate whose duration is limited to the life of the party holding it, or some other person." Black's Law Dictionary 924 (6th ed. 1990). Further, a "terminable interest" is "an interest in property which terminates upon the death of the holder or upon the occurrence of some other specified event." Black's Law Dictionary 1471 (6th ed. 1990).

Here, Mrs. Kinert clearly intended to devise a life estate in the realty to her foster sons. This conclusion is reinforced by the very use of the term "devise". Exclusive of the interest in the residence, the only items willed are personalty. To be consistent, if a license was to be bequeathed, there was no reason to use the term "devise". Accordingly, we must conclude that the trial court erred.

█ Next, the Department contends that the rights granted to the foster sons have an ascertainable value for Pennsylvania Inheritance Tax purposes. We agree. Section 9107(b) of the Inheritance and Estate Tax Act of 1961(Act), 72 Pa.S. § 9107(b), provides that "all transfers of property by will ... are subject to tax." Further, Section 9102 of the Act, 72 Pa.S. § 9102, defines "transfer" as "passage of ownership of property, or interest in property or income from property, in possession or enjoyment, present or future, in trust, or otherwise."

Accordingly, we reverse the order of the Orphan's Court and remand to the Orphan's Court for a determination of the value of the life estate devised to Quade and Lawley.

### ORDER

AND NOW, this 14th day of April, 1997, the order of the Court of Common Pleas of

---

1. Actually, it is doubtful we have jurisdiction over this appeal pursuant to section 762 of the Judicial Code, 42 Pa.C.S. § 762. However, since neither party has objected to this Court's jurisdiction and in the interests of judicial economy we will retain jurisdiction and decide this case on the merits. *See Derry Township School District v. Suburban Roofing*, 102 Pa.Cmwlth. 54, 517 A.2d 225 (1986).

Dauphin County, at No. 644 of 1990, and dated April 2, 1996, is reversed and the matter is remanded to the Common Pleas Court for a determination of the terminable life estate bequeathed to James B. Quade and James R. Lawley.

Jurisdiction is relinquished.

FRIEDMAN, J., dissenting.

I respectfully dissent. Because I believe that Hildreth M. Kinert (Kinert) bequeathed to James B. Quade (Quade) and James R. Lawley (Lawley) a mere license to occupy the premises at 308 North Progress Avenue, Harrisburg, Pennsylvania, I would affirm the order of the Court of Common Pleas of Dauphin County, Orphans' Court Division (Orphans' Court).[1]

Because the will here is not an artfully-worded document, the majority struggles to ascertain its meaning by examining the dictionary definitions of various terms. While dictionary definitions can often be helpful, they are not always controlling. In interpreting a will, the controlling element is the intention of the testatrix. Such intent must be ascertained by consideration of the *entire* will, which must be read in light of the surrounding circumstances at the time the will was written. *In re Estate of Bigony*, 397 Pa. 102, 152 A.2d 901 (1959). For example, the majority makes much of the fact that the word "devise" can be used in a technical sense to refer solely to a gift of real property. (Majority op. at 644, 645.) However, the term is *not* used in such a manner in Kinert's will. Indeed, in Part II.B of her will, Kinert states: "I give, *devise* and bequeath to the First Assembly of God Church of Harrisburg" the *net proceeds* from the sale of the real estate and personal property. (R.R. at 3.) (Emphasis added.) Because net proceeds are *not* real property, it is clear that Kinert's will does not use the word "devise" in its technical sense. Quite the contrary, the term seems to be used collectively with and as a synonym for the words "give" and "bequeath."

As typified by this example, I do not believe that the words in Kinert's will necessarily assume their technical legal meanings; thus, I am not persuaded by the majority's view that the will grants Quade and Lawley a "life estate" simply because the phrase "life estate" appears in the will. (Majority op. at 645.)

Here, when Kinert executed her will, Quade and Lawley resided in her home; however, neither had a life estate in Kinert's property. In her will, Kinert gave Quade and Lawley "the right to *continue* to reside in [her] residence." (R.R. at 2.) (Emphasis added.) I interpret such language to mean that Kinert intended to perpetuate the situation that existed when she was alive, to allow her foster sons to reside in her home *without* a life estate. *See Estate of Peacock v. United States*, 914 F.2d 230 (11th Cir.1990).

This interpretation of Kinert's will is supported by that provision of the will which states that the rights of Quade and Lawley will terminate if both of them vacate the premises for a period of sixty days. (R.R. at 2.) This limitation indicates that Quade and Lawley were not to receive a life estate in the property, for had Kinert intended otherwise, then the foster sons could vacate the premises for any length of time, rent the residence to other persons and derive an income from the property during their lives. *Baldesberger v. Baldesberger*, 378 Pa. 113, 105 A.2d 713 (1954). Further, if Kinert's foster sons had a life estate, they could convey the residence to a stranger, and the residence would be subject to encumbrance and sale on execution to a stranger. *Id.* Here, however, the foster sons cannot rent or otherwise convey the property to a stranger because Kinert's will does not permit Quade and Lawley to vacate the property for longer than sixty days. Thus, Quade and Lawley do not have a life estate in the property; they have a mere license to occupy the premises, nothing more.

---

1. A license is a purely personal privilege to live on land or to do certain acts thereon, but *not* to exercise exclusive possession and enjoyment for the term specified. *Kalins v. State Real Estate Commission*, 92 Pa.Cmwlth. 569, 500 A.2d 200

Accordingly, I would affirm.[2]

(1985). The modern view is that a license is an interest in property. *Id.*

2. The Department of Revenue contends that, even if Quade and Lawley had a mere license to occupy the premises, such an interest is subject to an inheritance tax. I disagree.

It is true that "[a]ll transfers of property by will" are subject to an inheritance tax. Section 2107(b) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* added by section 36 of the Act of August 4, 1991, P.L. 97, *as amended,* 72 P.S. § 9107(b). However, a "transfer" is the *passage of ownership* of an inter-est in property. Section 2102 of the Tax Reform Code, added by section 36 of the Act of August 4, 1991, P.L. 97, *as amended,* 72 P.S. § 9102.

Here, Kinert's will did *not pass ownership* of a license to occupy the premises from Kinert to Quade and Lawley. Kinert already gave her *foster sons the license to reside in her residence before* her death. While she was living, Kinert could have revoked that license at any time and required her foster sons to leave her home. Through her will, Kinert made certain that her death would not operate to revoke her foster sons' license to occupy the residence.