## Collings Estate.

Argued October 2, 1961. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and Alpern, JJ.

*S. Louis Farino,* with him *Joseph P. Passafiume,* for appellant.

*Zeno Fritz,* with him *Lawrence S. May, Jr.,* for appellees.

OPINION PER CURIAM, November 14, 1961:

In this action, by which appellant seeks to establish a common law marriage, it is not necessary for us to determine whether the evidence submitted was sufficient to support a finding of a valid common law marriage. That question is not before us, since the hearing judge found that the witnesses who testified to the facts necessary to establish a common law marriage were unreliable and incredible and that, in fact, no such facts ever occurred. The court en banc affirmed the hearing judge's findings, thus imposing upon the appellant on appeal to our court the heavy burden of demonstrating that the hearing judge committed a manifest error or a clear mistake.

The approach that the lower court took in evaluating the credibility to be given the witnesses urging the common law marriage was approved by Justice (now Chief Justice) BELL in *Manfredi Estate,* 399 Pa. 285, 292, 159 A. 2d 697 (1960), where he quoted from *Baker v. Mitchell,* 143 Pa. Superior Ct. 50, 17 A. 2d 738 (1941) as follows: " 'The law of Pennsylvania recognizes common-law marriages. But they are a fruitful source of perjury and fraud, and, in consequence, they are to be tolerated, not encouraged; the professed contract should be examined with great scrutiny, and it

should plainly appear that there was an actual agreement entered into. . .' "

This admonition by President Judge KELLER is especially pertinent to the facts of some cases more than others, since the advocacy of a common law marriage is too often made, as was done here, after one of the parties to the marriage has died and the survivor desires to share in the distribution of the deceased party's estate. The question of the credibility of the witnesses was solely for the hearing judge who saw and heard them and who evaluated the testimony as a whole. The record completely substantiates both the hearing judge's and the court en banc's determinations that the testimony offered to prove a marriage was both unreliable and incredible and that the alleged marriage ceremony did not take place.

Decree affirmed, costs to be paid by the appellant.