Cox Estate.

Argued November 16, 1961.  Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*J. Webster Jones*, for appellant.

*Dunstan McNichol*, with him *Gilfillan, Gilpin & Brehman*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 2, 1962:

This case came before the Orphans' Court on petition by Marie J. Ward, an answer by the administrator of the Estate of Charles M. Cox, and a reply by Ward. The issue is the ownership of a savings account. The lower Court decided that Marie J. Ward was the sole owner of said account, with all rights of ownership including the privilege of withdrawal, and that the account was not an asset of the Estate of Charles M. Cox.

The basic facts are undisputed.

On August 17, 1956, decedent and petitioner opened savings account No. W 42883 in the Western Saving Fund Society of Philadelphia. In connection therewith they signed a signature card entitled: "Cox, Chas. M.—Ward, Marie J.—EITHER TO DRAW." On the reverse side of the signature card was the following agreement which they also signed:

"It is agreed and understood that any and all sums that may from time to time stand in this account to our credit shall be owned by us as joint tenants and not as tenants in common, or by us as tenants by the entireties in the case of husband and wife; that said The Western Saving Fund Society of Philadelphia is hereby authorized and directed to pay money unconditionally from such sums upon orders or receipts drawn by us

or by either or any of us and, from time to time, to accept assignments made to it (but to it alone) by any one or more of us of any sums in this account as collateral security for any loan or loans that it may make to any one or more of us, and that *in case of the death of either** or any of us *the balance* then remaining in said account shall be the *absolute property of the survivor* or survivors and said Society is hereby authorized and directed to deal with the survivor or survivors (with all the within rights of joint tenants) as the sole and absolute owner or owners of such sums. Each of us hereby authorizes the other, or any of the others, to endorse for deposit in this account any instrument payable to the order of all or either or any of us.

"WITNESS our hands and seals this 17 day of Aug 1956

<blockquote>

(s) Chas. M. Cox, Jr.    (Seal)

(s) Marie J. Ward    (Seal)"
</blockquote>

The account was started with a deposit of $3,000. Thereafter, decedent made a series of additional deposits totalling $2,250. All of the deposits were made with decedent's money. No withdrawals were ever made by either party.

Decedent died intestate on November 1, 1959. Decedent's brother was appointed administrator of the estate. He has possession of the passbook for the account. Petitioner has never had possession of it.

Petitioner made demand upon the administrator to deliver the passbook to her and upon the Western Saving Fund Society of Philadelphia to pay to her the balance in the account. The administrator has refused to deliver the passbook, and the Society has refused to pay unless it receives the passbook or there is an order of court directing it to pay. The present litigation was instituted to compel the administrator to deliver the

---

* Italics throughout, ours.

passbook to petitioner and the Society to recognize petitioner as owner of the account.

It is clear from the above recited facts that a joint tenancy with right of survivorship was created by Charles M. Cox and Marie J. Ward in this bank account. The fact that all the money in the account came from the decedent and that he had possession of the passbook are not sufficient, without more, to defeat this inter vivos gift. It must be recalled that only one person can have actual possession of a passbook. In *Amour Estate,* 397 Pa. 262, 154 A. 2d 502, the Court reiterated the law laid down in *Martella Estate,* 390 Pa. 255, 258-259, 135 A. 2d 372, and repeated in *King Estate,* 387 Pa. 119, 122, 126 A. 2d 463, and said (page 265): " ' ". . . 'To constitute a valid gift inter vivos . . ., two essential elements are requisite: An intention to make an immediate gift and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein.' " ' "

Where, as here, no fraud, accident or mistake has been alleged and proved, the law is well settled that—

"When a depositor creates a joint savings or checking (bank) account with right of survivorship, and a signature card so stating is executed by both parties, these facts are prima facie evidence of a gift inter vivos by the depositor to the other, and of the creation of a joint tenancy with right of survivorship: Fell Estate, 369 Pa. 597, 87 A. 2d 310; Lochinger v. Hanlon, 348 Pa. 29, 33 A. 2d 1; Mader, et al. v. Stemler et al., 319 Pa. 374, 179 A. 719. . . ." *Furjanick Estate,* 375 Pa. 484, 489-90, 100 A. 2d 85.

The administrator relies mainly, if not entirely, on the rules and regulations of the Western Saving Fund

Society regarding deposits and payments, which pertinently provide: "The deposit book must be presented when a withdrawal is made. . . ."

While the signature card executed by both Cox and Ward assent to the rules and regulations of the Society, it is clear that these rules and regulations were for the convenience and protection of the bank* and were never intended to change and do not change the basic agreement which was made by the parties, Charles M. Cox and Marie J. Ward.

We have considered all the other contentions made by appellant but find no merit in any of them.

Decree affirmed; costs to be paid by appellant.

---

\* Most savings banks have a similar regulation.