## Bunn Estate.

Argued January 13, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Emanuel H. Klein,* for appellant.

*Peter A. Glascott,* with him *Bodley & Glascott,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 17, 1964:

Appellant claims a bank account as an inter vivos gift from his mother, Mrs. Bunn. Although the decision in this class of case often depends upon the exact wording of the deposit account and the signature card and the agreement, if any, accompanying it, the law and the proof required in such cases are well settled: *Sivak Estate,* 409 Pa. 261, 185 A. 2d 778; *Cox Estate,* 405 Pa. 444, 176 A. 2d 894. In *Sivak Estate* the Court said (pages 264-265):

"In our recent decisions we have spelled out the requisite elements of a gift inter vivos. In Cox Estate, 405 Pa. 444, 448, 176 A. 2d 894, the Court said: '. . . In Amour Estate, 397 Pa. 262, 154 A. 2d 502, the Court reiterated the law laid down in Martella Estate, 390 Pa. 255, 258-259, 135 A. 2d 372, and repeated in King Estate, 387 Pa. 119, 122, 126 A. 2d 463, and said (page 265): " ' ". . . 'To constitute a valid gift inter vivos . . ., two essential elements are requisite: An intention to make an immediate gift and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein.' " ' " ' Accord: Secary Estate, 407 Pa. 162, 180 A. 2d 572; Balfour v. Seitz, 392 Pa. 300, 140 A. 2d 441.

"If this signature card with its phraseology, i.e., joint tenancy with right of survivorship—which as an individual depositor Mike Sewalk signed in 1956—had been signed by both Mike Sewalk and his son Chester in 1956 or in October, 1959, it would have established prima facie a valid inter vivos gift. In Berdar Estate,

404 Pa. 93, 170 A. 2d 861, the Court said .(page 95):
'. . . When a depositor creates a joint savings account
with right of survivorship, and a signature card so
stating is signed by both parties, a prima facie inter
vivos gift to the other party and of the creation of a
joint tenancy with right of survivorship is established:
Furjanick Estate, [375 Pa. 484, 100 A. 2d 85];
Lochinger v. Hanlon, 348 Pa. 29, 33 A. 2d 1.'

"The claimant has the burden of proving a valid
inter vivos gift or in the alternative a valid gift mortis
causa, and this proof can be established only by evi-
dence which is clear, direct, precise and convincing:
Secary Estate, 407 Pa. 162, 167, 180 A. 2d 572; Petro
v. Secary Estate, 403 Pa. 540, 170 A. 2d 325. Cf. also
Kadilak Will, 405 Pa. 238, 243, 174 A. 2d 870."

Where the account or the signature card state that
a joint tenancy with right of survivorship is created,
the fact that all the money in the account came from
the decedent and that he had possession of the pass-
book. are not sufficient, without more, to defeat this
inter vivos gift. It must be recalled that only one per-
son can have actual possession of a passbook and if
the regulations of the bank provide that the deposit
book or passbook must be presented when a withdraw-
al is made, such a rule or regulation is for the conven-
ience and protection of the bank and does not change
the basic agreement of joint tenancy with right of sur-
vivorship: *Cox Estate*, 405 Pa., supra, and cases cited
therein.

Claimant proved that his mother, Mrs. Bunn, was
the owner of a bank account which was in her own
name; that he obtained from the bank a printed form
signature card; and that he went to the hospital ap-
proximately two weeks before his mother's death to
get her to sign this signature card. This card was lost
by the bank, but its contents were proved. The print-
ed card as filled out pertinently stated that the bank

account was in the names of Sadie H. Bunn or J. Calvin Sherman as joint tenants, with the right of the bank to treat the survivor as the sole and absolute owner. The signature of Mrs. Bunn and the claimant (Sherman) to such a card and the valid delivery thereof to the bank would create prima facie an inter vivos gift to the claimant with right of survivorship:* *Amour Estate,* 397 Pa., supra; *Fell Estate,* 369 Pa. 597, 87 A. 2d 310. However, since such a card is considered to be indefinite or equivocal, or incomplete, parol evidence is admissible to prove Mrs. Bunn's donative intent and a completed gift by her to Sherman.

Claimant proved that *at his request,* the bank had changed, *on its books,* the account and the passbook to read "Sadie H. Bunn or J. Calvin Sherman". *No notation of joint tenancy or of survivorship was entered on the account or on the passbook.* Claimant also proved that he withdrew $2,000 from this account, either shortly before his mother died, or the day after his mother died.

We agree with the Auditing Judge that the testimony on behalf of claimant with respect to Mrs. Bunn's donative intent and particularly in respect to her signature, was too weak to satisfy his burden of proof and establish his claim.

Decree affirmed; each party to pay own costs.

Mr. Justice JONES and Mr. Justice COHEN concur in the result.

---

· * Banks can avoid a large amount of litigation by modernizing their signature card so that it will clearly set forth the *exact* status and the rights of the parties. Note the clearly worded signature card in *Cox Estate,* 405 Pa., supra.