## Drejko Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

Burke, J., May 28, 1964.—The decedent, Stanislaw Drejko, also known as Stanley Drejko, who died a resident of Philadelphia County on November 4, 1961, was joint owner with one, Mary Drozd, of savings account no. 13-24093 of The First Pennsylvania Banking and Trust Company. This account was established on August 24, 1961, and at the time of decedent's death there was a balance on deposit of $7,869.28. Contemporaneously with opening the account, decedent and Mary Drozd executed the following agreement:

"Each of the undersigned is the owner of the whole of the account and each shall have full power to draw against it, and in case of the death of either or any of the undersigned such power shall continue in the sur-

vivor or survivors as fully as if this amount had been originally in the name of such survivor or survivors. It is understood and agreed that either/or any of the undersigned or The First Pennsylvania Banking and Trust Company is hereby authorized to endorse and to deposit in this account any check or other instrument for the payment of money which may be drawn or endorsed to the order of the undersigned or any of them, jointly, or to the order of either or any of the undersigned, individually. This agreement shall bind our respective heirs, executors, administrators or assigns."

On October 19, 1962, Janina Drejko, to whom decedent gave the residue of his estate, filed a petition for a citation to Mary Drozd to show cause why the balance on deposit in the joint savings account should not be paid over to the personal representative of decedent's estate for distribution in accordance with his will. She averred that the sole purpose of the joint account was to enable Mary Drozd, as decedent's agent, to make deposits and withdrawals, and that decedent never intended to vest in her any ownership interest in the balance on deposit.

Mary Drozd denies this averment in her answer and averred contra that the joint account was opened in furtherance of decedent's desire to make a gift to her inter vivos of the balance on deposit.

By decree dated May 17, 1963, Klein, P. J., the petition and answer thereto were referred to the auditing judge for hearing and determination.

It is admitted that the money on deposit in the joint account was originally the property of decedent. In fact, it was the same money which had been on deposit in savings account no. 13-23805 of The First Pennsylvania Banking and Trust Company in the joint names of decedent and Walter Chojnowski subject to a similar agreement until Chojnowski's death on August 12,

1961. Walter Chojnowski was the brother of Mary Drozd.

To constitute a valid gift inter vivos, two essential elements are requisite: An intention to make an immediate gift and such an actual or constructive delivery to the donee (a) as to divest the donor of all dominion and control, or (b) if a joint tenancy is created, as to invest in the donee so much dominion and control of the subject matter of the gift as is consonant with a joint ownership or interest therein: Martella Estate, 390 Pa. 255 (1957). Since manual delivery of a bank deposit is impracticable, delivery must be by assignment or by other writing to execute the gift. The obligation of the bank is a chose in action, and a survivorship agreement signed by both parties is an assignment which vests in them a present joint interest with the right of survivorship in the bank's obligation: Mader v. Stempler, 319 Pa. 374 (1935). A writing in which it is agreed that each is the joint owner of a bank deposit, that either may withdraw, and that upon the death of either, the survivor is the sole owner, is a gift inter vivos, because the opening of the account enabling the donee to forthwith withdraw the fund constitutes delivery: Chadrow, Exr. v. Kellman, 378 Pa. 237 (1954).

Mary Drozd testified that on August 24, 1961, shortly after her brother's death, she visited decedent in response to a message that he wanted to see her; that he told her he wanted her to have the money on deposit in his savings account; that she accompanied him to the bank, told the bank clerk what decedent wanted to do, and after decedent had stated to the clerk that he wanted to change the account so that any balance on his death would pass to her, she and the decedent executed the survivorship agreement.

All of the witnesses agreed that although decedent could not speak or read English fluently, he did under-

stand what he read and what was said to him in English. The bank receptionist, Mary Ann O'Donnell, testified that she interviewed decedent when he opened the joint account in 1961, and that although she did not recall any of their conversation at the time, she stated that in all such transactions she is required by bank instructions to explain to joint depositors that upon the death of either the entire balance on deposit passes by virtue of their written agreement to the survivor. She was quite sure that she made no exception in this case.

Where no fraud, accident or mistake has been proved, it is well settled that when a depositor creates a joint savings bank account with right of survivorship, and a signature card so stating is executed by both parties, these facts are prima facie evidence of a gift inter vivos by the depositor to the other, and of the creation of a joint tenancy with right of survivorship: Furjanick Estate, 375 Pa. 484; Cox Estate, 405 Pa. 444. While other evidence is admissible to show that no gift was intended, the existence of the signature cards in the custody of the bank establishing the joint account is prima facie evidence of a gift inter vivos: Rogan Estate, 404 Pa. 205. Evidence to rebut the prima facie gift must be clear, precise and convincing. Such evidence is absent in this case. The fact that the money on deposit was the property of decedent and that the bank book was kept in his possession are not sufficient, without more, to defeat the inter vivos gift. Accordingly, I conclude that Mary Drozd is the owner of the balance on deposit in the savings account as the surviving joint tenant and that the account is not an asset of decedent's estate.

Since the entire balance on deposit was the property of the decedent before the transfer, and decedent retained the power to withdraw and thereby consume the fund, the conveyance was a testamentary disposition

within the provisions of section 11 of Estates Act of 1947, and subject to the election of the surviving spouse.

Accordingly, I enter the following

*Decree*

And now, May 28, 1964, the petition to decree title to cash on deposit in joint savings account no. 13-24093 of The First Pennsylvania Banking and Trust Company to be vested in decedent's personal representative is dismissed, and the balance on deposit is awarded one-half to Mary Drozd, and the remaining one-half to decedent's widow, Wladyslawa Drejko, to be paid to the personal representative of decedent's estate and by him to be held and distributed in accordance with the terms of my adjudication this day filed with respect to decedent's testamentary estate.

*Stanhope S. Browne*, of *Dechert, Price & Rhoads*, for Janina Drejko, residuary legatee, petitioner.

*Harry P. Voldow*, for Mary Drozd, respondent.

*John Kennedy Ewing, 3rd*, of *Saul, Ewing, Remick & Saul*, for The First Pennsylvania Banking and Trust Company, respondent.

*Howard M. Kuehner*, for Jean Chojnowska Arleth, executrix, respondent.

OPINION SUR EXCEPTIONS

BOLGER, J. October 30, 1964.—Exceptant, Janina Drejko, residuary beneficiary of decedent's will, has excepted to the conclusion of the learned hearing judge that the evidence to rebut the prima facie gift of the savings account in question is not clear, precise and convincing and to the decree sustaining the gift.

She bears an unusually heavy burden because of the comprehensive contract involving decedent's deposit with the bank. This contract does not merely set forth the type or character of the tenancy or ownership of the account which might be the basis of holding the

transaction incomplete and putting the burden of proof upon the claimant, but it spells out specifically all of the incidents and consequences, current and future, flowing from the acts of the parties. Therefore, the hearing judge was correct in ruling that the proof of the contract established a prima facie case for the validity of the gift: Berder Estate, 404 Pa. 93; Fenstermaker Estate, 413 Pa. 645. We regard the contract before us as being more specific and, therefore, more strongly in favor of the gift than that in Fenstermaker Estate, supra.

The exceptant asserts in support of her exceptions that the transaction was a mistake on decedent's part; that he was unfamiliar with the English language, and that the testimony of the bank receptionist who negotiated the contract was of a general instead of a specific character and, therefore, entitled to little if any weight. The record discloses that the hearing judge recognized decedent's language deficiency, but ruled: "He did understand what he read and what was said to him in English." This is a clear and positive finding of fact. The record supports the finding.

The receptionist testified that she did not remember the specific transaction, but was certain that she conformed to her general practice in explaining the transaction fully to the decedent, whom she remembered. At its strongest from the exceptant's standpoint, the general character of this testimony is negative rather than of the positive, clear and convincing type and quality of testimony required to overcome the burden that the gift was valid. The learned hearing judge goes further in his adjudication when he gives credence to the corroborative testimony of the claimant, Mary Drozd, who apparently, without objection to her competency, related very clearly and fully the details of the opening of the account, including the signing of the contract of deposit by both parties. These findings of fact as well

as the credibility of the witnesses, whom the hearing judge saw and heard, were all for him. We do not find his findings any abuse of discretion, caprice or arbitrariness: Marley's Estate, 29 D. & C. 245. We, therefore, sustain all of them. Findings of fact by the hearing judge will not be disturbed unless there is manifest error or clear mistake: Hanna Estate, 388 Pa. 196; Pavlinko Estate, 399 Pa. 536, and Collings Estate, 405 Pa. 280. We find none in this case.

For the foregoing reasons the exceptions are dismissed and the decree of the hearing judge is confirmed absolutely.