551 A.2d 403

Frances Austin, Appellant *v.* The Borough of Ligonier, a municipal corporation, Appellee.

Argued October 3, 1988, before Judges COLINS and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*William J. Ober,* for appellant.

*Anthony P. Picadio, Sherman & Picadio,* with him, *George V. Welty, Flickinger & Welty,* for appellee.

OPINION BY SENIOR JUDGE KALISH, December 16, 1988:

Appellant, Frances Austin, appeals an order of the Court of Common Pleas of Westmoreland County, wherein the court decided in favor of the appellee Borough of Ligonier (Borough), in a replevin action. We affirm.[1]

In its complaint, the Borough alleges that a painting by Ogden Pleissner was given by Austin's late husband to the Borough when Clarence B. Ruff was elected Mayor in 1969. It hung in the Mayor's office in Town Hall until September of 1986 when Austin had the painting removed.

The Borough contends that it was the recipient of an inter vivos gift from Austin's late husband. Austin contends that the painting was joint property belonging to both Austin and her husband, and not owned by him alone. She asserts that the record does not support a finding by the trial court of a gift inter vivos to the Borough, but rather that of a loan.

Possession of a chattel raises a presumption of ownership. Once the plaintiff makes out a prima facie case, the use of this presumption imposes on the opposing party the burden of going forward with the evidence to rebut or meet this presumption. If evidence is introduced, the presumption has served its purpose and has no effect whatsoever. The fact finder could then find

---

[1] While we have serious doubts concerning our jurisdiction over this appeal pursuant to section 762 of the Judicial Code, 42 Pa. C. S. §762, we will retain jurisdiction in light of the fact that the Superior Court transferred this appeal to this court. In the absence of an objection from either party, this court may exercise its discretion, and in the interests of judicial economy, we will address the merits of this case. *Derry Township School District v. Suburban Roofing Co., Inc.*, 102 Pa. Commonwealth Ct. 54, 517 A.2d 225 (1986).

from the evidence the existence or non-existence of the presumed fact. *Justice v. Fabey*, 541 F. Supp. 1019 (E.D. Pa. 1982); Rule 301, Federal Rules of Evidence.

In a replevin action, the sole issue is one of title and the right of possession, and the plaintiff must recover on the strength of his title or right. *International Electronics Co. v. N.S.T. Metal Products Co., Inc.*, 370 Pa. 213, 88 A.2d 40 (1952). Thus, the Borough's possession for about seventeen years prior to Austin's taking of the painting created the presumption of entitlement in favor of the Borough.

The burden of going forward with evidence to rebut this presumption then shifted to Austin. She introduced much evidence concerning the circumstances of how the Borough came into possession of the painting. Evidence was offered to demonstrate the intent of her husband in transferring possession to the Borough. Because Austin and her husband possessed the painting by the entireties prior to its transfer, Austin asserts it is presumed to remain entireties' property.

The Borough then presented evidence of its version of the events surrounding the time of delivery, including evidence that the painting belonged to her husband alone and not as entireties' property. The Borough offered the testimony of Clarence Ruff. Ruff testified that Austin's husband visited him while Ruff was Mayor, offering a large painting to hang in the Mayor's office of the new Town Hall. Ruff emphatically stated that there was never any mention of a loan, and Ruff had no doubt that it was intended as a gift. Ruff explained when he left office, the picture was left to hang in Town Hall. The testimony of Ruff's wife, who was present at the initial discussion concerning the painting, corroborated Ruff's testimony.

William Stabline, Councilman for the Borough, also testified for the Borough. He recounted a conversation

with Mrs. Austin, in which she requested that she be permitted to change the brass plate on the frame of the painting in order to make mention of her late husband. She offered to absorb the cost of the new brass plate, but never mentioned to Stabline that she owned the painting.

Testimony from Anna Leopold, the Town Hall Coordinator for the Borough, established that Mrs. Austin was surprised that Leopold delivered only the brass plate, rather than the whole painting. Mrs. Austin claimed she wanted to change the brass plate, as well as refurbish the painting.

Mayor Naugle, the current Mayor of the Borough, testified that he received a telephone call from Mrs. Austin, requesting that she be given the picture, and that she had documents to prove the painting was not donated and still belonged to her. Mayor Naugle permitted Mrs. Austin to take the painting, in return for her promise to produce the proper documentation. He testified that no documentation was ever produced.

Mayor Naugle further testified concerning a discussion he had with Mr. Ruff at the time the painting came into the possession of the Borough. At the time, Ruff was Mayor and Naugle was President of the Borough Council. They were concerned about the large number of gifts being given to the Borough for use in the new Town Hall. The painting was one of several gifts discussed, and was one of the last items accepted by the Borough before cutting off any further donations.

While entireties may have been the presumed status, that presumption continued only until the contrary was shown. *Zuback v. Bakmaz*, 346 Pa. 279, 29 A.2d 473 (1943). The evidence in many instances was conflicting, and so it became a question of the credibility of witnesses and whether the Borough had met its burden of persuasion. The trial court found that the

Borough's evidence was credible. The court concluded that the painting belonged to Mr. Austin. The Borough has met its burden of proof by clear and convincing evidence[2] that Austin intended to make a gift of the painting to the Borough followed by actual delivery. As such, intent and delivery, the two elements of an inter vivos gift, were proven.

Accordingly, we affirm.

ORDER

Now, December 16, 1988, the order of the Court of Common Pleas of Westmoreland County, No. 8641 of 1986, is affirmed.

---

[2] The quantity and quality of proof required to meet the burden of showing a gift inter vivos varies, depending upon the circumstances of a particular case. Where the parties are strangers, the presumption against voluntary transfers is greater than in the transactions between those holding more ultimate relations. *In re Yeager's Estate*, 273 Pa. 359, 117 A. 67 (1922). The circumstances as here may require clear and convincing and precise evidence. *In re Bunn Estate*, 413 Pa. 467, 198 A.2d 518 (1964). This is a higher degree of proof than a mere preponderance of the weight of the credible evidence. *Snyderwine v. McGrath*, 343 Pa. 245, 22 A.2d 644 (1941).