**COMMONWEALTH of Pennsylvania**

v.

**Dana HARBST, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 6, 1999.

Decided Nov. 30, 2000.

---

9. *See Finkbiner.*

Maureen T. Beirne, Athens, for appellant.

Robert B. McGuinness, Towanda, for appellee.

BEFORE: DOYLE, President Judge, KELLEY, Judge, and NARICK, Senior Judge.

DOYLE, President Judge.

Dana Harbst (Appellant) appeals from an order of the Court of Common Pleas of Bradford County denying Appellant's "Petition to Direct Clerk of Courts to Certify Completion of Treatment Program" in order to have her operating privileges restored pursuant to Section 1541(d) of the Vehicle Code, 75 Pa.C.S. § 1541(d).

On July 22, 1994, at approximately 3:00 p.m., Appellant was driving her 1987 Ford Thunderbird Coupe along Route 199 in Athens Township, Bradford County. Appellant swerved her vehicle into a guardrail which sent the vehicle careening into two pedestrians walking along a berm on Route 199. The two pedestrians were severely injured from the collision.

Appellant failed to stop her vehicle after the accident and went home. Arriving home, Appellant called the Athens Township Police Department and reported that her car had been vandalized that evening while shopping at K-mart. Chief Hurley subsequently arrived at Appellant's residence to investigate the complaint. Upon investigation, Chief Hurley found human hair and blood on the windshield. Appellant then admitted involvement in the accident and leaving the scene of the accident.

Appellant submitted to a blood alcohol concentration test which revealed a blood

alcohol level of .13%. On November 29, 1995, Appellant pled guilty to the offenses of leaving the scene of an accident involving personal injury, 75 Pa.C.S. § 3742, and to driving under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1). Appellant was sentenced to 6 months to 23 months, 29 days imprisonment and was ordered by the Court of Common Pleas to make restitution in the amount of $74,529.54. In addition, Appellant was ordered to perform 160 hours of community service, to participate in a drug and alcohol treatment program and to pay all appropriate fees, costs and fines.

■ On January 20, 1998, Appellant filed a petition entitled, "Petition to Direct Clerk of Courts to Certify Completion of Treatment Program Pursuant to Act 122 (75 Pa.C.S § 1541(d))." A hearing was held on March 4, 1998, in which the trial court denied the petition. The court ruled that, although Appellant paid all of her fees, costs and fines and also paid for all of her counseling sessions, Appellant failed to make a good faith effort to pay restitution which was ordered by the court. As a result, the Common Pleas Court concluded that Appellant failed to comply with all of the requirements of the treatment program ordered by the court and thus denied Appellant's petition. Appellant's appeal to this Court followed.[1]

■ On appeal to this Court,[2] Appellant argues, (1) that the trial court erred by not granting Appellant's petition because Section 1541(d) of the Vehicle Code does not require payment of restitution before operating privileges may be restored, and (2)

that Section 1541(d) is unconstitutionally vague by not setting forth a specific definition of "successful completion of treatment program" and by leaving an unknown and unknowable standard by resting the final decision with the court. We will address these arguments seriatim.

Section 1541(d) of the Vehicle Code provides, in pertinent part:

**(d) Continued suspension of operating privilege.**—A defendant ordered by the court under section 1548 (relating to requirements for driving under the influence offenders), ... to attend a treatment program for alcohol or drug addiction must successfully complete all requirements of the treatment program ordered by the court before the defendant's operating privilege may be restored. Successful completion of a treatment program includes the payment of all court-imposed fines and costs, as well as fees to be paid to the treatment program by the defendant. **If a defendant fails to successfully complete the requirements of a treatment program, the suspension shall remain in effect until the defendant completes the program and is otherwise eligible for restoration of his operating privilege.** The treatment agency shall immediately notify the court of successful completion of the treatment program. **The final decision as to whether a defendant has successfully completed the treatment program rests with the court.**

75 Pa.C.S. § 1541(d) (emphasis added). The issue of whether failure by a defen-

---

1. On May 25, 1999, the Superior Court transferred this appeal to this Court, determining that we had jurisdiction over the case. However, this appeal does not involve an agency determination by the Department of Transportation, but rather concerns whether Appellant completed an element of her criminal sentence. We also note that this case was docketed as a criminal matter by the Common Pleas Court. Therefore, we believe that this appeal is within the appellate jurisdiction of the Superior Court and that it was erroneously transferred to this Court. Section 742 of the Judicial Code, 42 Pa.C.S. § 742.

Nonetheless, in the absence of any objection to our jurisdiction by the parties, and in the interests of judicial economy, we will retain jurisdiction and address the merits of this case. *Austin v. Borough of Ligonier*, 122 Pa. Cmwlth. 161, 551 A.2d 403 (1988).

2. Our standard of review is limited to determining whether the trial court made findings unsupported by competent evidence, committed an error of law, or abused its discretion. *Department of Transportation v. Renwick*, 543 Pa. 122, 669 A.2d 934 (1996).

dant to pay court-ordered restitution, or to make a good faith effort to pay restitution, should preclude a defendant's restoration of her driving privileges for purposes of this statute appears to be one of first impression. Appellant argues that since there is no determinative case law, the plain meaning of the statute must be ascertained.

■ Appellant suggests that the plain meaning of the statute does not require payment of restitution for the successful completion of a treatment program; the statute requires only that the defendant pay the amount of the imposed fines and costs, and the fees to the treatment facility. Appellant points out that the term "restitution" is nowhere included in the statute and therefore should not be considered in whether or not she has successfully completed the court ordered "treatment program."

Appellant also points to Section 1548 of the Vehicle Code in conjunction with Section 1541. Section 1548(c) provides, in pertinent part:

> (c) Results of evaluation—Based on the results of evaluation and any additional information and evidence, the court **may in addition to any other requirements of the court** or this title determine and require, as part of sentencing or condition of parole ... that the person successfully complete a prescribed program of individual or group intervention or supervised inpatient or outpatient treatment or any combination of these programs or treatments for a period of up to two years in duration. Any program ... shall be of a type approved by the Department of Health.

75 Pa.C.S. § 1548(c) (emphasis added). Appellant argues that this section deals with drug and alcohol counseling/treatment programs and makes no mention of the payment of restitution, and thus restitution is likewise not required under Section 1541(d) of the Vehicle Code.

Section 1548 authorizes the trial court to order the defendant, as part of its sentenc-

ing order, to successfully complete a prescribed drug/alcohol treatment program which is approved by the Department of Health. In addition, this section authorizes the trial court to order **"any other requirements of the court"** beyond the formal treatment program. We conclude that a reasonable reading of this section includes restitution within the purview of the term "any other requirement" which the court may order. Further, there is no question that the common pleas court had authority to order Appellant to pay restitution in this case pursuant to Section 1106(a) of the Crimes Code, 18 Pa.C.S. § 1106(a), which provides: "Upon conviction for any crime wherein ... the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor."

Accordingly, pursuant to Section 1541(d) of the Vehicle Code, **Appellant's failure to satisfy the trial court's other requirements, specifically the payment of restitution, is sufficient to deny her petition to have her driving privileges restored.**

■ We now turn to Appellant's alternative argument that Section 1541(d) is unconstitutionally vague because it seems to grant the court absolute discretion in determining whether the treatment program has been successfully completed. Appellant argues that there is no definition within the statute which enumerates what factors go into the determination of whether a defendant has successfully completed the treatment program and, as a result, the statute is vague and invites arbitrary decision making on the part of the lower court. We must disagree that Section 1541(d) of the Vehicle Code is unconstitutionally vague.

We begin by noting that it is well settled that:

> Vague statutes offend the constitution because they may (1) trap the innocent by failing to give a person of ordinary intelligence reasonable opportunity to know what is prohibited so that he may

act accordingly; or (2) result in arbitrary and discriminatory enforcement in the absence of explicit guidelines for their application.... [A] legislative enactment will be deemed invalid "only if it is so vague and indefinite that courts are unable to determine with any reasonable degree of certainty the intent of the legislative body or so incomplete, conflicting and inconsistent in its provisions that it cannot be executed."

*Pennsylvania Builders Association v. Department of Revenue*, 122 Pa.Cmwlth. 493, 552 A.2d 730, 737 (1989), *aff'd per curiam*, 524 Pa. 134, 569 A.2d 928 (1990) (citations omitted). In order for driving privileges to be restored, the defendant had to successfully complete all requirements of the treatment program, which, as we have already determined, may include requirements set by the court which fall outside of the formal treatment program.

Based on the above, we conclude that Section 1541(d) of the Vehicle Code is not void for vagueness because the order the court entered in this case was absolutely clear—Appellant had to pay restitution in the amount of $74,529.54; it, therefore, does not violate the principles of the "void for vagueness" doctrine.

Appellant relies on *Bell Telephone Co. v. Driscoll*, 343 Pa. 109, 21 A.2d 912 (1941), for the proposition that there must be reasonable clarity in the limitation of power, otherwise the law is void. It is true that laws must have definite standards so that reasonable people will understand the limits of power and what is prohibited and not prohibited. In this case, the trial court explicitly imposed several conditions on the Appellant following conviction. These conditions included participation in a treatment program and payment of restitution. The Appellant does not dispute that she was aware of these conditions, nor does she dispute the conclusion reached by the trial judge that she failed to make a good faith effort to pay any significant part of the restitution. Since it is clear that the trial court had the authority to impose such a condition on Appellant, we believe that the judge was within his authority to refuse to reinstate Appellant's license because that condition had not been met.

Order Affirmed.

## ORDER

**NOW**, November 30, 2000, the order of the Court of Common Pleas of Bradford County in the above-captioned matter is hereby affirmed.

KELLEY, Judge, dissenting.

I respectfully dissent. Although common sense should lead one to the conclusion that the Legislature would have provided for a continuing suspension until restitution was paid in a circumstance such as the instant one, the plain language of 75 Pa.C.S. § 1541(d) does not encompass such a measure. Apparently, such statutory authority for the trial court's action in continuing Licensee's suspension does not exist.

It is Section 1541(d) that grants the trial court authority to continue Appellant's suspension in the instant case. However, Section 1541(d) encompasses only two distinct and specific components to be satisfied by a licensee as prerequisites to the restoration of the licensee's operating privilege: the successful completion of any court-ordered treatment programs, including the payment of fees incumbent therein, and; the payment of all court-imposed costs and fines. Court-ordered restitution is neither addressed in this section, nor logically contemplated by the two enumerated components. It is Section 1548 that addresses alcohol and drug counseling and treatment programs, but that section does not include restitution as a component of such programs. Additionally, Pennsylvania's Crimes Code clearly illustrates the Legislature's treatment of fines, costs, and restitution as distinct and separate concepts. *See* 18 Pa.C.S. § 1101 (Fines); 18 Pa.C.S. §§ 1106–1107 (dealing with restitution), and; 18 Pa.C.S. § 1109 (Costs). Because Section 1541(d) authorizes a continuing suspension only for a licensee's failure to satisfy court-imposed treatment pro-

grams, costs, and/or fines, and because said enumerations do not encompass the payment of restitution, Section 1541 cannot serve as the statutory authorization for the trial court's action.

I agree with the Majority's assertion that both 18 Pa.C.S. § 1106(a) and 75 Pa. C.S. § 1548 clearly authorized the trial court to order the payment of restitution in this case. The Majority, however, is unable to articulate any authority for the continuation of the suspension of a licensee's operating privilege in the absence of the payment of restitution. While Sections 1106 and 1548 authorize the *imposition* of an order for restitution, such authority cannot be said to implicitly extend to the authorization of a *suspension*, or the continuation of a suspension, of a licensee's operating privilege absent clear and express statutory provision. Because the provisions of the Motor Vehicle Code at issue impose fines, they are penal in nature and must be strictly construed. *See Commonwealth v. Henderson,* 444 Pa.Super. 170, 663 A.2d 728 (1995).

Accordingly, I would reverse.