J-S65030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN KARL GRESH, | |
| Appellant | No. 3252 EDA 2014 |

Appeal from the Order Entered October 16, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003974-1992

BEFORE:  BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 20, 2015**

Appellant, Stephen Karl Gresh, appeals *pro se* from an order entered on October 16, 2014, in the Montgomery County Court of Common Pleas. The order denied Appellant's petition for court certification to the Pennsylvania Department of Transportation ("PennDOT") that he successfully completed the drug and alcohol treatment necessary to have his driving privileges restored pursuant to 75 Pa.C.S. § 1541(d).[1]  We affirm.[2]

---

[1]  75 Pa.C.S. § 1541(d) is also termed "Act 122."  The "Act 122" moniker is derived from P.L. 513, No. 122, § 1, effective December 1, 1990, which amended 75 Pa.C.S. § 1541 and added subsection 1541(d).

[2]  As noted above, this appeal involves, at least tangentially, the suspension and restoration of Appellant's driving privileges, which are issues generally within the appellate jurisdiction of the Commonwealth Court pursuant to 42 Pa.C.S.A. § 762.  However, because the instant appeal involves an element
*(Footnote Continued Next Page)*

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On February 12, 1993, [Appellant] entered into a guilty plea to aggravated assault and driving under the influence and was subsequently sentenced to eleven and one-half to twenty-three months imprisonment in the Montgomery County Correctional Facility. As part of his sentence for driving under the influence, [Appellant] was ordered to undergo a [Court Reporter Network ("CRN") drug and alcohol evaluation] and complete safe driving school. [Appellant] is currently imprisoned in SCI-Huntingdon on a sentence totaling eleven to twenty-five years. [Appellant's] minimum release date is July 30, 2016 and his maximum release date is July 30, 2030.
>
> On July 2, 2014, [Appellant] filed a "Petition for Certification to PennDOT" alleging that to "re-establish a probationary license on May 6, 2017 and to re-establish a restored driver's license on March 9, 2020," he needs the undersigned to certify that he has completed the requisite Act 122 treatment program [pursuant to 75 Pa.C.S. § 1541(d)]. After discussions with [Appellant's] counselor, it was determined that the counselors at SCI-Huntingdon aid inmates with these type of requests and, therefore, the undersigned denied [Appellant's] request and entered an order, on July 14, 2014, which stated "[Appellant] is to contact his counselor, Joseph Dinardi, and request a restoration letter. In the event Court intervention is required to fulfill any requirements, [Appellant] or his counselor shall notify the undersigned." After receiving correspondence from [Appellant] and investigating … the matter further, the undersigned then entered an additional order, on July 28, 2014, which stated, "[Appellant] shall send Act 122 paperwork to Montgomery County DUI Administration Center,

_(Footnote Continued)_ ―――――――――――

of Appellant's judgment of sentence and not an agency decision made by PennDOT, we are satisfied that jurisdiction is properly before our Court. **See Commonwealth v. Harbst**, 763 A.2d 953, 955 n.1 (Pa. Cmwlth. 2000) (explaining that where a decision made pursuant to 75 Pa.C.S. § 1541 does not involve an agency determination by PennDOT, but rather concerns whether Appellant completed an element of a criminal sentence, the appeal should be within the appellate jurisdiction of the Superior Court).

100 Ross Road, Suite 110, King of Prussia, PA 19406. Attn: Trish." [Appellant] then filed a sample order asking the Court to grant his petition and notify PennDOT to remove the Act 122 requirement. On October 16, 2014, the undersigned entered an order [denying Appellant's petition] which stated, "after speaking to a representative from the Montco. DUI Admin. Center, it was revealed that [Appellant] has not completed a CRN evaluation or safe driving school. Both requirements must be completed before adult probation can send the restoration paperwork to clerk of courts." On October 30, 2014, [Appellant] filed a notice of appeal.

Trial Court Opinion, 12/5/14, at 1-2 (footnote omitted).

On appeal, Appellant presents the following issue for this Court's consideration:[3]

Whether the common pleas criminal court committed reversible error, when it denied Appellant's request for certification to PennDOT that [Appellant] successfully completed the court ordered drug and alcohol treatment program (Act 122)?

Appellant's Brief at unnumbered page 7 (full capitalization omitted).[4]

The statutory provision at issue is as follows:

## § 1541. Period of disqualification, revocation or suspension of operating privilege

---

[3] The docket does not reflect an order directing Appellant to file a Pa.R.A.P. 1925(b) statement.

[4] We point out that Appellant listed seven additional points for "relief requested" in his brief. Appellant's Brief at unnumbered page 9. Insofar as these can be considered "questions presented," we conclude that they are bald assertions of fact or law, which are not supported by argument, citation to the record, or relevant legal authority. Accordingly, we deem them waived. *See Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014) (stating that claims which fail to contain developed argument or citation to supporting authority and the record, will be considered waived on appeal).

**(d) Continued suspension of operating privilege.--**A defendant ordered by the court under section 3816 (relating to requirements for driving under influence offenders), as the result of a conviction or Accelerated Rehabilitative Disposition of a violation of section 3802 to attend a treatment program for alcohol or drug addiction must successfully complete all requirements of the treatment program ordered by the court before the defendant's operating privilege may be restored. Successful completion of a treatment program includes the payment of all court-imposed fines and costs, as well as fees to be paid to the treatment program by the defendant. For the purposes of restoring a suspended license, being current on a payment plan shall be considered as a part of a successfully completed program. If a defendant fails to successfully complete the requirements of a treatment program, the suspension shall remain in effect until the defendant completes the program and is otherwise eligible for restoration of his operating privilege. The treatment agency shall immediately notify the court of successful completion of the treatment program. The final decision as to whether a defendant has successfully completed the treatment program rests with the court.

75 Pa.C.S. § 1541(d).

In the case at bar, Appellant did not fulfill the requirements set forth above because he did not provide any proof to the Montgomery County Adult Probation office that he completed the treatment program. The trial court explained its decision as follows:

It is this [c]ourt's opinion that we have gone above and beyond attempting to aid [Appellant in obtaining] something he, realistically, will not be able to utilize for at least a year and a half. The fact remains that the Montgomery County Adult Probation Department has no proof that [Appellant] has completed the necessary requirements (a CRN evaluation or safe driving school) to obtain his license. If [Appellant] has, in fact, completed these requirements, it is his responsibility to send proof to the probation department.

Trial Court Opinion, 12/5/14, at 2.

We conclude that trial court did not abuse its discretion or commit an error of law in denying Appellant's petition.[5]   Accordingly, we affirm the order entered on October 16, 2014.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2015

---

[5]   We point out that there is nothing prejudicial in the trial court's order.  If Appellant has satisfied, or at some point in the future satisfies, the requirements set forth in 75 Pa.C.S. § 1541(d), he can provide this proof to the Montgomery County Adult Probation office.  At that time, the trial court can review the record and determine whether Appellant successfully completed the aforementioned requirements.