J-S01031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CARRINGTON KEYS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA | |
| Appellee | No. 939 WDA 2014 |

Appeal from the Order May 22, 2014
In the Court of Common Pleas of Forest County
Civil Division at No(s): C.D. 59 OF 2014

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 10, 2015**

Appellant, Carrington Keys, appeals from the order entered in the Forest County Court of Common Pleas, Civil Division, which denied his petition to proceed *in forma pauperis* ("*IFP*") and dismissed as frivolous the complaint he called a petition for writ of *habeas corpus*.  For the following reasons, we transfer the matter to the Commonwealth Court.

The relevant facts and procedural history of this case are as follows. According to the record, the Pennsylvania Board of Probation and Parole issued a Notice of Board Decision as recorded February 27, 2013, which denied Appellant parole/probation.  The notice listed various reasons for the Board's decision, including: (a) Appellant's need to participate in and complete additional institutional programs; (b) Appellant's risk and needs assessment indicating Appellant's level of risk to the community; (c) the

negative recommendation from the Department of Corrections ("DOC"); (d) reports, evaluations and assessments/level of risk indicating Appellant's risk to the community; (e) other pertinent factors, such as Appellant's need for a longer period of positive institution adjustment and completion of treatment. The notice also said Appellant was to be reviewed in or after October 2013. At the next interview, the Board would review Appellant's file and consider whether: (a) Appellant had successfully participated in/successfully completed a treatment program for violence prevention; (b) Appellant had received/maintained a favorable recommendation for parole from the DOC; and (c) Appellant had maintained a clear conduct record. Finally, the notice stated Appellant may file an application for parole/reparole no sooner than 1 year after the recording date of the last decision denying him parole/reparole, *i.e.*, no sooner than February 27, 2014. In response to the notice, Appellant purports to have sent the Board a document Appellant called an "Acceptance of Contract" which, he claimed, formed a "binding contractual agreement" between Appellant and the Board.

On May 16, 2014, Appellant filed a petition for leave to proceed *IFP* and a companion complaint he called a petition for writ of *habeas corpus*. In his filing, Appellant essentially complained of actions and omissions of the Board, based on the Board's failure to fulfill the "contract" between the Board and Appellant. Appellant complained he had satisfied the Board's conditions, but the Board denied him a meaningful review, told Appellant to

satisfy those conditions again, and denied Appellant parole. Appellant concluded he was entitled to enforce the purported "contract" and have the court compel the Board to perform "its existing obligations." As presented, Appellant did not directly challenge the legality of his sentence or detention.

By order dated May 22, 2014, and filed May 23, 2014, the trial court denied Appellant's *IFP* application and dismissed the complaint as frivolous, pursuant to Pa.R.C.P. 240(j). A copy of the order was sent to Appellant on May 23, 2014. On June 6, 2014, Appellant filed a notice of appeal. By order filed and served on June 17, 2014, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days, per Pa.R.A.P. 1925(b); any issue not raised in a properly filed and properly served statement would be deemed waived. As of July 23, 2014, Appellant had not filed and served his Rule 1925(b) statement or requested any enlargement of time to comply. So, the trial court deemed Appellant's issues on appeal waived.

Appellant raises two issues for review:

> WHETHER THE [TRIAL] COURT ERRED IN CONSTRUING APPELLANT'S *HABEAS CORPUS* AS A CIVIL COMPLAINT AND DENYING APPELLANT RELIEF BASED UPON CIVIL STANDARDS INSTEAD OF USING 42 PA.C.S.A. 6501-6505, *et seq*.

> WHETHER THE [TRIAL] COURT ERRED IN FILING APPELLANT'S *HABEAS CORPUS* INTO THE WRONG VENUE IN CONTRAST TO PA RULES OF CRIMINAL PROCEDURE RULE 108(B).

(Appellant's Brief at 4).

Preliminarily, we address this Court's appellate jurisdiction: "Even when neither party has raised the issue of jurisdiction, this Court may, *sua sponte*, determine whether retention of jurisdiction is appropriate, or whether the matter should be transferred to the Commonwealth Court." **Commonwealth v. Reed**, 696 A.2d 199, 200 (Pa.Super. 1997) (quoting **Commonwealth v. CSX Transportation, Inc.**, 639 A.2d 1213, 1214 (Pa.Super. 1994)).

Jurisdiction over parole matters generally lies in the Commonwealth Court. **Commonwealth v. Snyder**, 829 A.2d 783 (Pa.Cmwlth. 2003). "*[H]abeas corpus* is not available to challenge the denial of parole because the inmate is serving a legal sentence and parole is a matter of discretion. A *habeas corpus* petition may be used only to challenge the legality of a sentence, that is, the state's right to confine the inmate or the length of confinement, and not the denial of parole." **Id.** at 785. **See also Weaver v. Pennsylvania Bd. of Probation and Parole**, 688 A.2d 766, 775 n.17 (Pa.Cmwlth. 1997) (stating *habeas corpus* is not available to challenge denial of parole, "irrespective of the factual underpinnings of the prisoner's contentions").

Nevertheless, "[t]he form by which a suit seeking review of an agency action is brought is not dispositive"; and the petition should be examined "to determine whether it can be construed as challenging final agency action in any form." **Kester v. Pennsylvania Bd. of Probation and Parole**, 609

A.2d 622, 624 (Pa.Cmwlth. 1992). Instead of dismissing a petition outright, if a petition could be construed as a challenge to the Board's actions in denying parole, the trial court should transfer "the petition to the Commonwealth Court for consideration of [its] original jurisdiction, per 42 Pa.C.S.A. § 5103(a), which mandates the transfer of a matter erroneously filed in the wrong court." *Snyder, supra* at 785.

Instantly, Appellant filed a petition for *IFP* status and a petition for writ of *habeas corpus* in the trial court. Specifically, Appellant alleged he had satisfied the Board's requirements for parole eligibility, but the Board refused to review Appellant's case or grant him parole. Although styled as a petition for writ of *habeas corpus*, Appellant's petition complains about the Board's actions and omissions regarding his parole eligibility. Thus, we conclude the matter lies within the original jurisdiction of the Commonwealth Court, which has exclusive jurisdiction over Appellant's complaint. Instead of dismissing the complaint outright, the trial court should have transferred it to the Commonwealth Court. *See id.* The best resolution of matter at this point is to transfer it to the Commonwealth Court for disposition.[1] Accordingly, we transfer this matter to the Commonwealth Court for appropriate disposition.

Case transferred to Commonwealth Court. Jurisdiction is relinquished.

---

[1] Due to our disposition, we decline to deem any issues waived on the basis of Rule 1925(b).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/10/2015