# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reginald C. Scott, : 
                Appellant : 
                      : 
      v. : No. 1123 C.D. 2015 
                      : Submitted: November 6, 2015 
John Kersetes, Edward M. Marsico, Jr. : 
and Kathleen Kane : 

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: January 5, 2016**

Reginald C. Scott (Scott), representing himself, appeals from an order of the Court of Common Pleas of Dauphin County (trial court) affirming the dismissal of his petition for writ of habeas corpus *ad subjiciendum* (petition) because he did not file an appropriate appeal to the appropriate appellate court within the relevant timeframe and directing the Prothonotary to mark the case closed. Scott claims the trial court erred by closing his case without first conducting a hearing or entering an opinion pursuant to Pa. R.A.P. 1925(a). Upon review, we are constrained to vacate and remand.

Scott is an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy). He is serving a life sentence based on a 1975 conviction for second degree murder and robbery.

In February 2013, Scott commenced this action by filing the petition with the trial court against John Kerestes, Superintendent at SCI-Mahanoy, Edward M. Marsico, Jr., District Attorney of Dauphin County, and Kathleen Kane, Attorney General for the Commonwealth of Pennsylvania (collectively, Appellees). In essence, Scott argued his conviction, sentencing and imprisonment were illegal. Specifically, Scott claimed he was denied due process because authorities charged him with murder generally, not with second degree murder, for which he was convicted. He also asserted the Department of Corrections (Department) does not possess a copy of his signed sentencing order. On these grounds, he sought relief from the alleged unlawful restraint of his liberty.

On February 22, 2013, the trial court (through the Honorable Lawrence F. Clark, Jr.) entered an order denying the petition. The trial court explained Scott did not pay the required filing fee or petition for leave to proceed *in forma pauperis*. Nevertheless, the trial court determined Scott's petition was an improper filing under Section 6503 of the Judicial Code, 42 Pa. C.S. §6503. This Section provides: "an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever." 42 Pa. C.S. §6503(a). However, "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa. C.S. §6503(b).

The trial court found Scott attempted to resurrect an otherwise untimely filing through his petition when the proper vehicle for the averments alleged therein was a petition for post-conviction relief. Section 9542 of the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §9542, provides an "action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus." Thus, the trial court concluded Scott's exclusive method of recourse was through the PCRA, and it denied Scott's petition. Tr. Ct. Order, 2/22/13 (Clark, J.).

On March 5, 2013, Scott filed a "notice of objections and appeal" with the trial court addressed to the Pennsylvania Supreme Court. See Certified Record (C.R.), Item No. 6. Then, in May 2013, Scott sought habeas relief from the Supreme Court by filing another petition for writ of habeas corpus *ad subjiciendum* and an application for leave to file original process.[1] On September 4, 2013, the Supreme Court granted Scott's application for leave to file original process, and it denied the petition for writ of habeas corpus. Scott v. Kerestes (Pa., No. 82 M.M. 2013, per curiam order filed September 25, 2013). Scott did not seek reconsideration, and the original jurisdiction case before the Supreme Court was closed.

---

[1] See Section 721 of the Judicial Code, 42 Pa. C.S. §721 (the Supreme Court shall have original but not exclusive jurisdiction of habeas corpus actions); Pa. R.A.P. 3307 (the initial pleading in an original jurisdiction action filed in the Supreme Court must be accompanied by an application for leave to file such pleading).

Notwithstanding, the matter initiated in the trial court remained open and inactive for two years. In May 2015, the trial court (through the Honorable Bruce F. Bratton) entered a notice of proposed termination for inactivity. Scott filed a statement of intention to proceed. The trial court then directed the parties to move the case forward toward settlement, arbitration, trial or other disposition. The trial court ordered the parties to file a comprehensive joint status report, and it advised if any party fails to participate in the filing of a joint status report, such party may be held in contempt.

Thereafter, Scott, acting alone, filed a document titled "Comprehensive Joint Status Report" report, which the trial court rejected because it did not contain the consent of all parties to the action. Tr. Ct. Order, 5/4/15 (Bratton, J.); see C.R., Item No. 12.

The Department, acting on behalf of Superintendent Kerestes, filed a suggestion of mootness. It asserted Scott never properly served any of the Appellees when he filed his petition with the trial court. After the trial court denied Scott's petition and dismissed the case, Scott sought relief from the Supreme Court by filing another petition, which the Court denied. The Department further asserted that Scott attempted to litigate the same issue on several occasions, which was likewise dismissed.[2] Insofar as Scott claimed he

---

[2] Specifically, the Department asserted Scott filed a federal complaint against Superintendent Kerestes and District Attorney Marsico, which the federal court dismissed under 28 U.S.C. §1915(2)(2)(B)(i) (authorizing dismissal of frivolous or malicious actions). See Certified Record, Item No. 13, at ¶¶9&10 & Ex. E. He also filed another petition against Superintendent Kerestes, which the trial court denied. Id. at ¶¶11 &12 & Ex. G.

should be released because the Department lacks a signed sentencing order, the Department asserted this argument lacks merit. On these grounds, the Department requested dismissal of the case as moot.

On May 27, 2015, the trial court affirmed the February 22, 2013 order, dismissed the petition, and directed the Prothonotary to mark the case closed. The trial court explained its "review of the docket shows that [Scott] did not file an appropriate appeal to the appropriate appellate court within the relevant time frame." Tr. Ct. Order, 5/27/15. The trial court reaffirmed its reasoning in its Rule 1925(a) statement, without further analysis. Tr. Ct. Order, 8/18/15 (Bratton, J.). Scott appealed to this Court.[3]

On appeal,[4] Scott asks whether the trial court erred when it dismissed his petition and closed the docket. He claims the trial court acted in contempt of the Supreme Court's order, which granted original process, by not conducting a

_____

[3] We note that jurisdiction over this appeal properly lies with the Superior Court because the appeal involves an action in the nature of an application for a writ of habeas corpus. See Section 742 of the Judicial Code, 42 Pa. C.S. §742 (Superior Court has jurisdiction over appeals from final orders entered by the courts of common pleas unless such classes of appeals are within the exclusive jurisdiction of Commonwealth Court); Section 762(a)(1)(i) of the Judicial Code, 42 Pa. C.S. §762(a)(1)(i) (Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in original jurisdiction cases except actions or proceedings in the nature of applications for a writ of habeas corpus); see also Commonwealth v. Clutter, 615 A.2d 362, 364 (Pa. Super. 1992) (Superior Court has jurisdiction over an appeal from a final order denying a petition for the writ of habeas corpus). Since neither party objected to our jurisdiction, we will exercise our discretion to hear the merits of this appeal in the interests of judicial economy. See Commonwealth v. Snyder, 829 A.2d 783 (Pa. Cmwlth. 2003).

[4] The sole issue for review is whether trial court erred when it dismissed Scott's petition and closed the docket. As this presents a question of law, appellate review is plenary. Skipworth by Williams v. Lead Indus. Ass'n., Inc., 690 A.2d 169 (Pa. 1997).

5

proper hearing. In addition, Scott maintains the trial court violated its own order by not taking action against Appellees for their nonparticipation in the comprehensive joint status report. Finally, Scott asserts the trial court abdicated its duty or abused its discretion by not rendering an opinion in accordance with Pa. R.A.P. 1925(a).

First, we examine whether the trial court erred when it dismissed Scott's petition and closed the docket. According to the trial court, Scott "did not file an appropriate appeal to the appropriate appellate court within the relevant time frame." Tr. Ct. Order, 5/27/15. However, our review of the docket reveals Scott timely filed a notice of appeal with the trial court on March 5, 2013. C.R., Item No. 6, Notice of Appeal. March 5, 2013 is well within 30 days of the February 22, 2013 final order. See Pa. R.A.P. 903 (the notice of appeal must be filed within 30 days of the final order). Scott requested "appellate review in the Supreme Court of Pennsylvania for determination of whether or not remand is proper and the writ must issue." C.R., Item No. 6, Notice of Appeal, at 3.

Although the proper forum for appeal was the Superior Court, not the Supreme Court,[5] the validity of the appeal was not affected by this defect. Pa. R.A.P. 902; see Brown v. Levy, 993 A.2d 364 (Pa. Cmwlth. 2010). Rule 902 of the Pennsylvania Rules of Appellate Procedure provides, with emphasis added:

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an

---

[5] See 42 Pa. C.S. §742; Clutter.

6

> appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Id. The timely filing of the appeal constitutes substantial compliance with the rule. Stout v. Universal Underwriters Ins. Co., 421 A.2d 1047 (Pa. 1980); Levy. Dismissal for failure to take a step other than the timely filing of the appeal is not favored. Stout.

Upon review, Scott filed a timely notice of appeal with the trial court from the February 22, 2013 order. Consequently, we conclude the trial court erred by dismissing Scott's petition and closing the docket on the basis that he did not "file an appropriate appeal to the appropriate appellate court within the relevant time frame." Tr. Ct. Order, 5/27/15.

Notwithstanding, we are unable to discern what happened to Scott's appeal. It does not appear that the trial court transmitted the appeal to an appellate court pursuant to Pa. R.A.P. 905(b)[6] as our review of the dockets of the Supreme Court, Superior Court, as well as this Court shows no appeal.

---

[6] Rule 905(b) provides "[t]he clerk shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal showing the date of receipt ...."

7

Accordingly, we are constrained to vacate the trial court's May 27, 2015 order, and we remand to that court to process Scott's March 5, 2013 notice of appeal and to transmit it to the prothonotary of the Superior Court as timely filed.


_____
ROBERT SIMPSON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reginald C. Scott,           :
          Appellant     :
                        :
        v.             :   No. 1123 C.D. 2015
                        :
John Kersetes, Edward M. Marsico, Jr.  :
and Kathleen Kane         :

## O R D E R

**AND NOW**, this 5th day of January, 2016, the order of the Court of Common Pleas of Dauphin County is hereby **VACATED** and this matter is **REMANDED** to the trial court for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
ROBERT SIMPSON, Judge