# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
ex rel. Amrah Holloman,         :
                Appellant    :
                           :
           v.          :   No. 737 C.D. 2018
                           :   Submitted: April 5, 2019
Kevin Kauffman, Superintendent,   :
State Correctional Institution at    :
Huntingdon                  :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**          **FILED: August 9, 2019**

     Amrah Holloman (Appellant), pro se, appeals an Order of the Court of Common Pleas of Blair County (common pleas), dated November 2, 2017, that dismissed his Petition for a Writ of Habeas Corpus Ad Subjiciendum[1] (Petition) as improvidently filed and without prejudice to seek relief in this Court. Common pleas found that "the gravamen of the Petition involves an action of the Pennsylvania Board of Probation and Parole [(Board)]," over which common pleas did not have jurisdiction.

---

[1] "A writ of habeas corpus ad subjiciendum is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" *Pew v. Mechling*, 929 A.2d 1214, 1216 n.1 (Pa. Cmwlth. 2007) (quoting Black's Law Dictionary 715 (7th ed. 1999)).

In November 2016, Appellant was charged with various crimes and ultimately pleaded guilty to simple assault, to which he was sentenced to time served to 23½ months in the Blair County Prison in March 2017.[2]  At the time of his conviction, it appears Appellant was on parole for another criminal conviction from 2011.[3]  According to Appellant's Petition, Appellant was serving a three- to six-year sentence on the 2011 charges and had a maximum sentence date of June 5, 2017.  (Petition ¶ 7.)  He was paroled in 2014 at the completion of his minimum sentence and remained on parole without incident until his arrest on the new charges in November 2016.  (*Id.* ¶ 8(ii)-(iii).)  At that time, he alleges he had 7½ months remaining on his maximum sentence.  (*Id.* ¶ 8(iii).)  Following his sentencing on the new charges, Appellant alleges he was transferred from Blair County Prison to the State Correctional Institution at Huntingdon (SCI-Huntingdon) on March 22, 2017, and detained on what he called an "unconstitutional[] . . . parole violation detainer[.]"  (*Id.* ¶ 8(vi).)  In his Petition, he avers his maximum sentence "was unconstitutionally changed and increased" by the Board from June 5, 2017, to March 6, 2020 by order dated June 13, 2017.  (*Id.*)  He asserts the Board "had no legal authority to change [his] maximum sentence[,]" and by doing so, "the Board illegally altered and extended the judicially imposed sentence" from 2011.  (*Id.* ¶¶ 9, 11.)  Appellant also alleges that the Board should

---

[2] Appellant also was sentenced to a period of probation on a charge of resisting arrest. All other charges were dismissed.  (Sentencing Order, March 6, 2017, Record (R.) Item 7.)

[3] The Court's review of this case is hampered by the fact that the record consists only of Appellant's 2016 criminal case.  Because the Petition was filed on the criminal docket, the District Attorney's Office has been defending the Petition.  Appellant did not name the Board as a party.  Therefore, the decisions that form the basis of his Petition are not before us.  Although copies of some Board documents were appended to the briefs filed by the District Attorney's Office and Appellant, they are not part of the record; thus, we cannot consider them.  *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012).

have credited him with the 2½ years he spent at liberty on parole (street time), and the Board committed an error of law and abused its discretion in not doing so. (*Id.* ¶¶ 8(vi), 16.)

To remedy these perceived wrongs, on October 30, 2017, Appellant filed his Petition with common pleas,[4] asking it to issue a writ directing Kevin Kauffman, Superintendent of SCI-Huntingdon, whom Appellant named as the lone respondent in his Petition, to release him from prison.[5] Common pleas issued its Order dismissing the Petition three days later. Appellant now appeals that Order.[6]

On appeal, Appellant argues common pleas erred in dismissing his Petition and that the matter should be remanded for common pleas to address the merits. He asserts this Court does not have jurisdiction over his Petition under Section 761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. § 761(a)(1)(i).[7] Specifically, he

---

[4] Prior to filing his Petition, Appellant mailed what he labeled a "complaint" to common pleas, wherein he again asserted his belief that he should be released from custody as his original maximum sentence date expired. (R. Item 10.) By order dated July 18, 2017, common pleas dismissed the "complaint," finding it lacked jurisdiction over the Board. (R. Item 11.) As it did here, common pleas dismissed the "complaint" without prejudice for Appellant to "refile any concerns with the . . . Commonwealth Court." (*Id.*)

[5] Although Appellant named Superintendent Kauffman as the respondent in his Petition, there is no indication that Superintendent Kauffman has been served or participated in any manner before common pleas. Nor has he participated before this Court. As stated above, the District Attorney's Office filed a brief with this Court. Therein, it asserts it is not a proper party to this action and does not represent the Board or "any other interested party" but "believes these parties should have the opportunity to respond to [Appellant]'s Brief." (District Attorney's Brief at 2 n.1, 5 n.2.)

[6] Appellant originally appealed to the Pennsylvania Superior Court, which transferred the appeal to this Court.

[7] Section 761 of the Judicial Code sets forth this Court's original jurisdiction. It provides, in relevant part:

> **(a) General rule.** –The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

**(Footnote continued on next page…)**

argues the Petition filed with common pleas is proper because he is being held beyond the expiration of his maximum sentence. In the alternative, Appellant argues the Board unlawfully extended his maximum sentence by not granting him credit for street time. In his reply brief, Appellant argues the Board also provided no explanation for its decision to deny him credit for his street time, which is in violation of *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

Although fashioned as a Petition for Writ of Habeas Corpus Ad Subjiciendum, it is apparent from a review of Appellant's Petition that Appellant is challenging the Board's actions in extending his maximum sentence date following his conviction on new charges. Habeas corpus relief "is not available to challenge an action of the Board." *Gillespie v. Dep't of Corr.*, 527 A.2d 1061, 1064 (Pa. Cmwlth. 1987). Appellant cites to *Department of Corrections v. Reese*, 774 A.2d 1255 (Pa. Super. 2001) for the proposition that, because his confinement exceeded his maximum release date, his filing of the Petition was appropriate to remedy this wrong. The Superior Court in *Reese* consolidated two cases involving the propriety of two petitions for writs of habeas corpus filed by two prisoners. The first prisoner, Reese, reached his maximum release date of October 30, 1998, but

---

**(continued…)**

        (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

           (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court[.]

  . . . .

42 Pa. C.S. § 761(a)(1)(i).

was not released from incarceration because he was being detained on a Board warrant pending disposition of new criminal charges that were filed against him while on parole. He filed a petition for writ of habeas corpus after his maximum release date expired but before the Board recalculated a new maximum date. Given those facts, the Superior Court held the trial court properly exercised jurisdiction over Reese's petition because Reese was being held beyond the date of his maximum sentence **at the time he filed his habeas corpus petition**. *Id.* at 1261. In contrast, the Board recalculated the second prisoner's (Richart) maximum release date on October 27, 1997. Nearly two years later, Richart filed his petition for writ of habeas corpus. With regard to Richart, the Superior Court found the petition was improper because Richart was attempting to challenge the Board's recalculation of his maximum sentence. At the time his petition was filed, the maximum date had not yet expired. Thus, the Superior Court concluded the trial court lacked jurisdiction to decide that petition. *Id.*

Here, Appellant argues his situation is analogous to that of Reese and not of Richart. Based upon Appellant's averments in his Petition, we disagree. In his Petition, Appellant alleges the Board issued its order recalculating his maximum sentence date on June 13, 2017. Appellant filed his Petition with common pleas on October 30, 2017. Therefore, at the time his Petition was filed, Appellant's maximum date had not yet expired.[8] In short, he was not being held beyond his maximum date at the time he filed his Petition. As a result, common pleas correctly determined it did not have jurisdiction. Instead, to challenge the Board's recalculation, Appellant must first seek administrative review through the Board

---

[8] The "complaint" Appellant filed with common pleas on July 11, 2017, also was filed after his maximum date had been extended.

5

and then, if still dissatisfied, he may petition for review of the Board's decision in this Court. *Id.* at 1259-60. Therefore, we affirm common pleas to the extent it found "the gravamen of the Petition involves the action of the . . . Board," over which common pleas lacked jurisdiction. (Common Pleas' Order, November 2, 2017.)

There is no documentation of record that shows whether Appellant did seek review before the Board. Rather than dismissing the Petition, common pleas should have transferred the matter to this Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a). *Commonwealth v. Snyder*, 829 A.2d 783, 785 (Pa. Cmwlth. 2003). Section 5103(a) provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth[,] which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa. C.S. § 5103(a).

Because common pleas did not transfer Appellant's Petition to this Court, we vacate that part of common pleas' Order that dismissed Appellant's Petition. Instead, we will treat the Petition as being transferred, which will preserve the filing date of October 30, 2017. Because the Board is not currently a party to the action and we do not have the Board's record before us to review, we direct

6

Appellant to file an amended petition for review naming the Board as a party and serve the amended petition upon the parties within 30 days pursuant to Rule 1514 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1514. This prevents prejudice to Appellant by preserving the filing date of the Petition, which may or may not be timely; prevents prejudice to the Board, which is an indispensable party to this action, by allowing it to defend its own actions; and permits the Court to review the claims with the benefit of the Board's certified record.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania : 
ex rel. Amrah Holloman, : 
                    Appellant : 
                   : 
          v. :   No. 737 C.D. 2018
                   : 
Kevin Kauffman, Superintendent, : 
State Correctional Institution at : 
Huntingdon : 

## O R D E R

    **NOW**, August 9, 2019, the Order of the Court of Common Pleas of Blair County (common pleas), dated November 2, 2017, is **AFFIRMED**, in part, to the extent common pleas found it did not have jurisdiction over the matter.  The Order is **VACATED** to the extent it dismissed the Petition for a Writ of Habeas Corpus Ad Subjiciendum (Petition).   Because common pleas should have transferred the Petition to this Court, instead of dismissing it, we treat the Petition as a Petition for Review of the Pennsylvania Board of Probation and Parole's (Board) decision recalculating Amrah Holloman's (Appellant) maximum sentence date in order to preserve Appellant's filing date.  However, as the Board is an indispensable party to this action, Appellant is directed to file an amended petition within 30 days naming the Board as a party.  The amended petition shall be served by Appellant upon the parties within 30 days pursuant to Pa. R.A.P. 1514, or this matter will be dismissed as of course.

                                                    _____

                                          **RENÉE COHN JUBELIRER,** Judge